## PATON v. BAUGH.    (No. 9330.)

.(Court of Civil Appeals of Texas.    Dallas.
June 21, 1924.    Rehearing Denied
Oct. 18, 1924.)

**1. Wills ⬅⬎702—Petition held to present case calling for judicial construction of will, and demurrer was improperly sustained.**

Petition by executor against coexecutor, showing conflicting constructions of will by executors, and that petitioner had been excluded by defendant from participation in administration of affairs of estate, by reason of divergent views, *held* to present case requiring judicial construction of will, and demurrer was improperly sustained.

**2. Wills ⬅⬎439—Intention of testator will be given effect, unless law or public policy is contravened.**

Intention of testator expressed under Rev. St. art. 7855, will be given effect, unless law or public policy is contravened.

**3. Wills ⬅⬎470—Intention of testator gathered from four corners.**

In construing will, court must look to all provisions of instrument and gather intention of testator from consideration of everything within its four corners.

**4. Wills ⬅⬎672(3)—Testator held to intend to place all property bequeathed to children with executors in trust.**

Will bequeathing property to children, but income to wife, and directing that all property be held by executors in trust until child or children reach age of 25, *held* to create a trust; title to realty not vesting in children, nor rents and revenues in wife, entitling her to exclude coexecutor from administration.

**5. Wills ⬅⬎672(1)—Legal titles deemed to be invested with one holding property for another.**

No particular formula is required to create trust, and whenever person is directed to carry out provisions for benefit of another, and this cannot be done unless legal title is vested in him, he will be deemed to be invested with legal title for purposes of trust, and trust arises by implication.

**6. Wills ⬅⬎675—Clause that property devised to children should be held in trust until they reached 25 years of age held not precatory.**

Clause directing that property bequeathed to children "be held in trust by my said executors herein named until said child or children shall reach the age of 25 years," *held* not precatory.

**7. Wills ⬅⬎601(8)—"Precatory" defined.**

Term "precatory," as applied to clauses in will, embraces idea of entreaty, beseeching, prayerful, and does not embrace idea of command or peremptory direction.

**8. Wills ⬅⬎675—Determination as to whether precatory language created trust.**

Test, in determining whether precatory language created trust, is whether testator meant to limit bequest or simply to express opinion or wish.

Appeal from District Court, Dallas County; Royal R. Watkins, Judge.

Action by James Paton against Mrs. Sudie Baugh. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Cockrell, McBride, O'Donnell & Hamilton, of Dallas, and Cox & Brown, of Temple, for appellant.

Rasbury, Adams & Harrell, of Dallas, for appellee.

LOONEY, J.    This appeal is from the judgment of the court below sustaining a general demurrer, urged by appellee, to the petition of appellant. Appellant's allegations are, substantially, that H. T. Baugh died, leaving a will, the provisions of which, brought under review, are as follows:

"Item 3. I will, give and bequeath to my beloved children, Francis Gwendolyn Baugh and Marion Flay Baugh, share and share alike, all of the ranch and farm property (except 103 acres, situated 8 miles south of Temple, Texas, and being known as the James Fletcher farm) of which I may die seized and possessed, subject to the provisions hereinafter made.

"Item 4. All of the real property of which I may die seized and possessed except the farm and ranch mentioned in paragraph three of this will, I desire and direct that said property, including the 103 acres situated 8 miles south of Temple, Texas, and being known as the James Fletcher farm, and also all of the houses and lots, situated in Temple, Texas, and Rogers, Texas, be sold by my executors and the proceeds arising therefrom be invested for the use and benefit of my two children herein named.

"Item 5. I direct that the property therein bequeathed to my beloved children be held in trust by my said executors herein named until said child or children shall reach the age of 25 years, at which time I direct that said property herein bequeathed be divided into two equal parts, taking into consideration the value thereof, that one of said parts shall be delivered to each of my said children at its 25th birthday.

"Item 6. I will, give and bequeath to my beloved wife, Sudie Baugh, all of the income, rents and revenues arising from all of my property, including that therein bequeathed to my beloved children, said income, rents, and revenues to be used by her for her maintenance and support, and the maintenance, education and support of my said children, it being my intention that all of the income, rents and revenues derived from all of my property shall be used for the benefit of my wife and children, and if my said wife shall be living when the youngest of my children shall have reached the age of 25 years, then my said wife shall continue to receive such income from said property as may be necessary for her support and maintenance.

"Item 8. For the purpose of carrying out the provisions of this will, I hereby nominate, constitute and appoint my beloved wife, Sudie Baugh, of Dallas county, Texas, and James Paton, of Temple, Bell county, Texas, as joint executors of this my last will and testament. and direct that no bond shall be required of them as such. * * *"

---

⬅⬎For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

That the will was duly probated in Dallas county and an inventory and appraisement of the estate filed, showing real estate of the appraised value of $266,789.83, and personal property, consisting of a small amount of cash, some bank stock, but chiefly of notes, all of the appraised value of $29,131.75.

Appellant alleged that after the will was probated he qualified as joint executor, was willing to perform the duties of such position, and has constantly, since his qualification, endeavored to act with appellee as joint executor, in obedience to the provisions of the will. That appellee, acting under the advice of her attorneys, has refused to permit him to participate in the administration of the affairs of the estate, has denied him any right to act as joint executor in controlling and managing the estate, contending that the will disposed of no property except the ranch and farm property named in item three (3), and that, under the terms of the will, she has the exclusive right and authority to manage the estate. That the property bequeathed consists of various farms or ranch lands located in Texas and New Mexico, that require careful and diligent attention to conserve same and obtain a fair and reasonable revenue; that the best interests of the estate and the beneficiaries requires the sale of the 103 acres of land mentioned as the Fletcher farm and the town lots in the towns of Temple and Rogers, and the reinvestment of the proceeds by the trustees as directed in the will; that the estate owned various and sundry notes, past due, that should be collected.

Appellant further alleged that appellee had removed to the state of California and had been, and was, neglecting to give the business and the affairs of the estate needed attention, resulting in deterioration and loss; that the nonresidence of appellee, her inattention to and neglect of the affairs and properties of the estate, and her wrongful conduct in arbitrarily excluding appellant as coexecutor from any participation in the management and control of the property constituted maladministration that was calculated to and was resulting in a deterioration in value of the estate and a diminution of income, with consequent loss to the beneficiaries.

Appellant alleged in great detail that appellee had taken complete and exclusive control of all these properties, denying any right, interest, or duty in appellant as coexecutor under the will, as to their management and control, claiming under the advice of her attorneys, and the construction placed by them on the will, that she, alone, had the exclusive right to the control of all the affairs of the estate; that in pursuance of this idea she has induced those dealing with the estate to look and deal exclusively with her and to ignore appellant; that she has taken exclusive possession, control, and management, diverting the funds arising from the estate from the purposes intended by the testator, and is managing and treating the properties, to all intents and purposes, as if the same were her own.

Appellant alleged that he had sought, and is seeking, as coexecutor, to carry out the intention of the testator and to discharge the powers, rights, and duties of coexecutor and cotrustee conferred on him by the will, identical in all respects with the powers, rights, and duties conferred on appellee, but, as above stated, has been prevented by the capricious, arbitrary, as well as unlawful, conduct of appellee.

Appellant prayed for a judicial construction of the will, in order to put at rest the divergent views of the parties in regard to its meaning, for the appointment of a receiver of all the properties of the estate pendente lite, and for an injunction preventing appellee from in any way interfering with appellant's participation as coexecutor in the control and management of the properties and affairs of the estate.

[1] Appellant contends that a trust was created by the terms of the will, in which appellant and appellee were made joint trustees as to the entire estate left by testator; that, owing to conflicting constructions given the will by the parties, appellant has been excluded by appellee from any participation in the administration of the affairs of the estate. Therefore he contends that a case is presented for a judicial construction of the instrument, to the end that these divergent views may be composed and the purposes of the testator executed in accordance with the provisions and meaning of the will.

Appellee contends, on the other hand, that no case is presented requiring a judicial construction of the will, for the reason that the language used therein is plain and unambiguous, that no authority is given appellant under any provision of the will other than the authority as coexecutor to sell and convey the 103-acre tract of land specifically mentioned, and the houses and lots in the towns of Rogers and Temple, Tex.; that the entire income arising from the estate is unconditionally bequeathed by the will to appellee, free from any control by appellant, and that the direction contained in item 5 of the will, to the effect that the property shall be held in trust until the minors attain 25 years of age, is precatory language, simply the expression of a wish by the testator, and therefore must yield to the rights of the minor children, arising from the unconditional vestiture in them of title to the property. These several contentions will be noticed in the course of the discussion.

It is doubtless true, as contended by appellee, that the language of the will is plain and unambiguous. We do not understand

that appellant controverts this proposition, but it is claimed by him that a necessity for judicial construction arises from the divergent and diametrically opposite conclusions reached by the respective parties, as to the ultimate meaning of the will, as gathered from the entire instrument. The question presented is not for the court to determine the particular sense in which words were used, but is to arrive at the intention of the testator from what he said. Appellant and appellee derive whatever authority they have, as executors or trustees, from the same source and from the same language of the will; yet we find appellant contending that a trust was created, and that, as cotrustee, he is entitled to participate in the management, control, and general administration of the affairs committed to their charge, whilst appellee denies that the will has any such meaning and insists that appellant has no duties to perform thereunder, except in regard to the sale of certain real estate. Hence, under her construction of the will, she denies appellant the right to participate in the administration of the trust and has excluded him therefrom.

In our opinion, the facts of this case not only render it proper, but necessary, for the court to judicially construe the will, in order that the intention of testator, which is paramount, may be carried into execution.

[2, 3] Article 7855, Revised Statutes of this state, mentions all those persons who are authorized by a will, duly executed, to devise and bequeath property on such conditions and under such restrictions as they may see fit to prescribe. The intention of a testator thus expressed will be given effect, unless a law or a public policy is contravened. So we are to look to all the provisions of the instrument under consideration and gather the intention of the testator from a consideration of everything within its four corners.

In items 3 and 4 of the will quoted above, it will be seen that the testator devised and bequeathed all his real estate to his two children, and item 5 directs that this property "be held in trust by my said executors herein named until said child or children shall reach the age of twenty-five years," at which time the executors are directed to divide the property equally between the children.

In item 6 he bequeathed to his wife, the appellee, "all of the income, rents and revenues arising from all of my property, including that therein (herein) bequeathed to my beloved children, said income, rents and revenues to be used by her for her maintenance and support and the maintenance, education and support of my said children, it being my intention that all of my income, rents and revenues derived from all of my property shall be used for the benefit of my wife and children," etc. In item 8 the testator says:

"For the purpose of carrying out the provisions of this will, I hereby nominate, constitute and appoint my beloved wife, Sudie Baugh, of Dallas county, Texas, and James Paton, of Temple, Bell county, Texas, as joint executors of this my last will and testament," etc.

[4] It seems to be very clear from the positive language of the will that the testator intended to place all property bequeathed to the two children with his executors in trust, to be managed and controlled by them until the child, or children, attain the age of 25 years; and, also, in our opinion, it is free from serious doubt that he intended to place with his executors in trust, in like manner, all his property, including the personal property not devised or bequeathed, as well as the real estate bequeathed to the children. The rents and revenues arising from all these properties, the realty as well as the personalty, are directed by the testator to be devoted to the same uses and purposes, without distinction; that is, for the maintenance and support of his wife, and the support, maintenance, and education of his two children.

Appellee contends that the title to the real estate passed by the will to the children and that the rents and revenues from the entire estate are bequeathed to the wife, to be used by her for her support and maintenance, and the support, maintenance, and education of the children, and that at no place in the will is the legal title to any of these properties vested in the executors to be held in trust, and therefore that no trust was in fact intended or created by the will.

[5] The provisions trusteeing these properties for the maintenance and support of the wife and children of testator are to be operative until the child or children attain the age of 25 years. These conditions necessarily contemplate the management, control, and operation of the properties by the executors, as rents, revenues, and income can be derived in no other way. No particular formula is required to create a trust. Wherever in a will a person is directed to carry out certain provisions for the benefit of another, and if this cannot be done, except the legal title to property is vested in such person, he will be deemed to be invested with the legal title for purposes of the trust, and a trust will arise by implication, although there may be no direct devise of the legal title of the property involved. This doctrine is very clearly stated in Underhill on the Law of Wills, vol. 2, § 781, p. 111, in the following language:

"No particular form of words is necessary to be employed in order to create a trust. The testator need not employ the word 'trust' in his will. If he has named a person in that instrument and has directed him to carry out all or a portion of the provisions which have been made for others therein, and the person thus named cannot execute such provisions of the will, except the legal title to the property shall

be vested in him as trustee, then that person will be a trustee by implication, though there may have been no direct devise of the legal title to him and the word 'trustee' or 'trust' was not used."

A very similar question to the one now under discussion was presented in McMurry v. Stanley, 69 Tex. 227, 6 S. W. 414. In that case the testatrix devised and bequeathed all of her estate, real and personal, to her husband in such terms as, under the law, had the provision stood alone, would have conferred upon him an absolute title in fee simple to the property. In a subsequent clause, however, the testatrix provided that, should any of her property remain undisposed of at the death of her husband, it should be given by him to two nieces of the testatrix. In harmonizing these provisions of the will, the Supreme Court used this language:

"We are of the opinion that N. G. Bagley (the husband) took under the will an estate in fee in the entire property, but that this was in trust for the beneficiaries named in the fourth paragraph of the will, except as their right was limited by the right given to him to use and dispose of the property during his lifetime, which was given by the express terms of the will."

A similar question was also decided by the Supreme Court in Dulin v. Moore, 96 Tex. 135, 70 S. W. 742. In this case the testatrix, after conferring on certain named devisees a fee simple in certain real estate, provided in subsequent paragraphs that a person named should be trustee to receive and control the property given to these devisees, and directed and empowered the trustee to keep control of the property so devised during the lives of the beneficiaries. It was held that the intention of the testatrix was to create a testamentary trust with the legal title in the trustee, and that the paragraphs relating to the trusteeship were not void, as repugnant to the previous devise in fee. These authorities are in point and, in our opinion, determine the question under consideration against the contention of the appellee.

Appellee insists that the case at bar is ruled by the doctrine announced in Beckham v. Beckham (Tex. Com. App.) 227 S. W. 940. The will of the testatrix involved in the Beckham Case bequeathed, absolutely and without reservation, all her property to her children, with the following provision:

"I hereby authorize and empower my said executor to take possession of any and all property belonging to my estate; to sell and convey same; to invest any money that may come into his hands in such way as he shall deem proper; and to execute all the deeds of conveyance, acquittances and receipts necessary and proper to be executed in order to carry out the object of this instrument."

It was insisted in that case that the effect of the quoted provision was to create a trust empowering the executor to administer the affairs of the estate until the devisees, the children, reached their majority. It will be noted that no language is used in the Beckham will indicating an intention to create a trust; no time limit is mentioned within which the services of the executor are to cease; and no authority was conferred on the executor that could not have been exercised under the statute, except the authority to invest money. The court, in that case, held that no trust was created, that the added power to invest money of the estate, in the interim contemplated by law in which to close the estate, was neither prohibited to an independent executor, nor was it inconsistent with his duties as such; in other words, the holding, in effect, was that the independent executor could, with propriety, have exercised, under authority of the statute, all powers mentioned in the will. The language of the court is as follows:

"There is no statutory inhibition against independent executors of estates lending money of the estate during the interim contemplated by law in which to close such estate, and the appearance in section 4 of the clause with reference to lending money was but a direction that it be done. This was an added power, and one not inconsistent with the duties of such independent executor. He was made independent executor under the will, and not a trustee. At the expiration of his term as such executor, all powers conferred upon him, either by statute or under the will, including the power to loan money, terminated. Neither the insertion in the will of the lending clause nor the incorporation of the statutory powers impressed the bequests in section 1 with the trust contended for by defendant in error. He could, therefore, consistently with his duties as such independent executor, loan the money coming into his hands as directed by the will, until his term as independent executor ended." Page 941.

In the case under consideration, the testator, after devising and bequeathing all his real estate to the two children, provided explicitly that the same should "be held in trust by my said executors herein named until said child or children shall reach the age of twenty five years," then, and then only, the property was to be divided among and delivered to the devisees; and, further, the testator provided that the income, rents, and revenues arising from all properties left by him, which includes the real estate bequeathed to his children, as well as the personal property left undisposed of by the will, should be used for the maintenance and support of his wife, and the maintenance, education, and support of his children.

The provision made for this extended administration of the properties by the executors, and the raising of income, rents, and revenues therefrom, necessarily comprehend such business management as may be necessary to conserve, invest, and employ the properties to these ends. These powers, to be exercised during the time and in the manner

expressed and implied, are in excess of the statutory powers of an independent executor, and are such as pertain exclusively to a trust. This case, in our opinion, is clearly distinguishable from the Beckham Case, in that there was absent from the Beckham will the provisions present in the will under consideration that, in our opinion, create a trust.

[6] Appellee makes the further contention that the provision of item 5, directing that the property bequeathed to the children "be held in trust by my said executors herein named until said child or children shall reach the age of twenty five years," is precatory; in other words, was simply the expression of a thought on the part of the testator that such use of the property would, in his opinion, be reasonable or suitable, but was not intended in any sense as binding or mandatory.

[7, 8] We cannot adopt this view. The term "precatory" as known to the law means entreaty, beseeching; literally, it means prayerful, and does not embrace the idea of a command or peremptory direction. Wills containing precatory language accompanying a devise or request, although milder in form than a command, have often been held prima facie to create a trust, unless the obvious intention of the testator appears different. Out of this rule grew the doctrine of precatory trusts, and the test in each case is whether, by using the precatory language, the testator meant to limit the bequest or simply to express an opinion or a wish.

But we have been unable to find where language of command, of positive and explicit direction, has ever been construed to be precatory, as this, it seems, would necessarily obliterate the rule upon which the doctrine of precatory trusts is builded. It is our opinion, therefore, that the language of this will, directing the property to be held in trust by the executors until the child or children shall have reached the age of 25 years, is not precatory, but is positive, mandatory, and imperative, and expresses the will, and not simply the opinion, of the testator.

Appellee contends that the income, rents, and revenues of the estate were, by the terms of the will, unconditionally bequeathed to appellee, free from any control by appellant and free from any direction to the executors to collect same or pay the same over to appellee. We do not get this meaning from the provisions of the will. If the testator intended to bequeath the income, rents, and revenues arising from these properties unconditionally to appellee, he would not have restricted the use of the same to certain purposes. As it is, we find that the income is restricted in use to the support and maintenance of appellee, and to the support, maintenance, and education of the children. This view is further strengthened by the language used by testator in item 6, as follows:

"And if my said wife shall be living when the youngest of my children shall have reached the age of twenty-five years, then my said wife shall continue to receive such income from said property as may be necessary for her support and maintenance."

The dominant idea of testator was that, during the period of trusteeship, his wife and children should be amply provided for, and the real estate, when delivered to the children, will, if appellee is alive, be burdened with the charge made upon it for her support as long as she may live.

We do not concur in the view of appellee that it was the intention of the testator to bequeath the income from these properties to her unconditionally, but that it was his intention to provide in the fullest for her support and maintenance, and for the support, maintenance, and education of the children, and for these purposes only was the income bequeathed.

We are of the opinion that appellant's petition stated a cause of action and that the court erred in sustaining the general demurrer and in dismissing the case; therefore the judgment of the court below is reversed, and the cause remanded for further proceedings.

Reversed and remanded.