## MALLINCKRODT v. NUNAN, Commissioner of Internal Revenue.

### No. 12915.

Circuit Court of Appeals, Eighth Circuit.

Jan. 10, 1945.

Rehearing Denied Jan. 29, 1945.

Charles P. Williams, of St. Louis, Mo. (Daniel N. Kirby and Harry W. Kroeger, both of St. Louis, Mo., on the brief), for petitioner.

Bernard Chertcoff, Sp. Asst. to the Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, J. Louis Monarch, and Hilbert P. Zarky, Sp. Assts. to the Atty. Gen., on the brief), for respondent.

Before STONE, SANBORN, and THOMAS, Circuit Judges.

SANBORN, Circuit Judge.

The Tax Court of the United States determined deficiencies in the income taxes due from petitioner for the calendar years 1934 to 1937, inclusive. 2 T.C. 1128. The deficiencies resulted from including in the petitioner's income for each of the years the undistributed income of an irrevocable trust created by his father in 1918. By the terms of the instrument creating the trust, this undistributed income was payable to petitioner annually upon his request, but, if not paid to him at his request, it was to be added to the corpus of the trust estate at the end of each year.

The question presented is whether the undistributed income of the trust in the years in question was taxable to petitioner or taxable to the trust.

The contention of petitioner is that by the plain language of sections 161 and 162 of the Revenue Acts of 1934 and 1936, 26 U.S.C.A. Int.Rev.Code, §§ 161, 162,[1] the undistributed trust income was taxable to

---

[1] These sections are the same in both Acts. In the Revenue Act of 1934, 48 Stat. 727, 728, the sections, so far as pertinent, read as follows:

"Sec. 161. Imposition of tax

"(a) Application of tax. The taxes imposed by this title upon individuals shall apply to the income of estates or of any kind of property held in trust, including—

"(1) Income accumulated in trust for the benefit of unborn or unascertained persons or persons with contingent interests, and income accumulated or held for future distribution under the terms of the will or trust;

"(2) Income which is to be distributed currently by the fiduciary to the beneficiaries, and income collected by a guardian of an infant which is to be held or distributed as the court may direct;

\*     \*     \*     \*     \*     \*

the trust. The respondent contends that this income was taxable to petitioner under section 162(b) of the applicable Revenue Acts as income "to be distributed currently" by the fiduciaries to him as a beneficiary. Respondent also contends that the income was taxable to petitioner, under section 22(a) of these Acts,[2] as the owner of the income.

The factual situation out of which this controversy arises is, in substance, as follows: Edward Mallinckrodt, Sr. (who died in 1928), on April 17, 1918, executed a trust instrument, by which he transferred to St. Louis Union Trust Company and the petitioner, as trustees, property and securities under the terms and conditions stated in the instrument. At the time this trust was created, the grantor's family consisted of petitioner, petitioner's wife, and their three sons. The grantor's intention in creating the trust was primarily to provide for petitioner's children and grandchildren. Petitioner had already received a large amount of property from his father. By the terms of the trust instrument, the net income of the trust was to be devoted first to paying certain debts, obligations, and burdens growing out of a building enterprise, and, after those obligations had been paid and satisfied in full, the trustees were directed: to pay to petitioner's wife out of the annual net income of the trust $10,000 each year during her life and that of petitioner; to pay the residue of such annual trust income to petitioner during his life, upon his request; to accumulate the undistributed annual net income and, at the end of each year, to add it to the principal of the trust estate. The trust instrument conferred upon petitioner a testamentary power of appointment over the corpus of the trust estate, but provided that if he did not exercise the power, the trust should continue after his death for the benefit of his widow, his children, and the descendants of his children, and, upon certain contingencies, for the benefit of others. The trustees were empowered, upon the written request of petitioner, during his lifetime, but subject to the approval of both trustees, to "convey or pay to" him "such portions of the principal of the trust estate as it may seem wise to the Trustees to distribute to him for his benefit or that of his family; * * *." The trust was subject to termination during the lifetime of petitioner "at the discretion of the then Trustees, in case they shall decide that such earlier termination is advisable or desirable in the interest of said 'Arcade Building Enterprise', or for any other reason in the interest of the estate then held in trust or of the beneficiaries thereof." If the trust were terminated during the lifetime of petitioner, he was, by the terms of the trust instrument, to have all of the assets of the trust estate. Petitioner was authorized to

"(b) Computation and payment. The tax shall be computed upon the net income of the estate or trust, and shall be paid by the fiduciary, except as provided in section 166 (relating to revocable trusts) and section 167 (relating to income for benefit of the grantor). * * *"

"Sec. 162. Net income
"The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that—

*       *       *       *       *

"(b) There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the beneficiaries, and the amount of the income collected by a guardian of an infant which is to be held or distributed as the court may direct, but the amount so allowed as a deduction shall be included in computing the net income of the beneficiaries whether distributed to them or not. Any amount allowed as a deduction under this paragraph shall not be allowed as a deduction under subsection (c) of this section in the same or any succeeding taxable year; * * *."

[2] Section 22(a) is the same in both Acts. 26 U.S.C.A. Int.Rev.Acts, pages 669, 825. In the Act of 1934, 48 Stat. 686, the section, so far as pertinent, reads as follows:

"Sec. 22. Gross income
"(a) General definition. 'Gross income' includes gains, profits, and income derived from salaries, wages, or compensation for personal service, of whatever kind and in whatever form paid, or from professions, vocations, trades, businesses, commerce, or sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in such property; also from interest, rent, dividends, securities, or the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever. * * *"

appoint, by will or by written instrument, his successor as trustee, and, if no successor was named by him, the St. Louis Union Trust Company was to be the sole trustee.

The debts, obligations, and burdens of the building enterprise referred to in the trust instrument were fully paid and satisfied out of the income of the trust estate by 1933. In 1934 and thereafter, the trustees paid to petitioner's wife $10,000 each year out of the annual income of the trust. The petitioner did not request that any of the income of the trust be paid to him in 1934 and 1935. In 1936 the trustees distributed, upon petitioner's request, out of the trust income, $15,000, which was disbursed to certain educational and charitable organizations, and $4,075.82, which was transferred to a trust which petitioner had created for the benefit of his wife. Petitioner reported in his income tax return for 1936 so much of the $15,000 distribution as was taxable. He did not report in his return the taxable portion of the $4,075.82 distribution. In 1937, the trustees distributed out of trust income, upon petitioner's request, $3,109.14 by transferring that amount to the trust which he had created for his wife's benefit. The taxable portion of this distribution was not included in petitioner's income tax return for 1937. During each of the taxable years, petitioner's wife reported and paid the tax upon the $10,000 of trust income which was distributable to her and which she received from the trustees. All of the undistributed net annual income of the trust for each of the years in question was reported by the trustees as income taxable to the trust, and they paid the tax due upon it. At the end of each of the years, the trustees, as directed by the trust instrument, added the undistributed net income for that year to the corpus of the trust.

The respondent determined that the undistributed trust income for each of the years was taxable to petitioner. Petitioner had a very large taxable income. The Tax Court sustained the respondent's determination.

It seems apparent from the grantor's purpose in creating the trust, from the elaborate provisions of the trust instrument relative to the continuance of the trust beyond the lifetime of the petitioner for the benefit of others, and from other circumstances, that the powers conferred upon the petitioner and upon the trustees over the disposition of the income and corpus of the trust were not granted with the thought that they would be exercised for the sole use or benefit of petitioner. The grantor evidently conferred the powers in the belief that the petitioner and the trustees, during petitioner's lifetime, should have discretion to alter the provisions of the trust instrument relative to the disposition of the trust estate or to terminate the trust if deemed necessary or wise in the interests of the beneficiaries of the trust. It is apparent that the grantor intended that the wife and descendants of petitioner were to have a real and subsisting interest in the income and the corpus of the trust estate. It is a fair assumption that the grantor contemplated that petitioner would not, during his lifetime, seek to withdraw either income or principal from the trust estate unless he needed it or unless he believed that it could be used advantageously by him for the benefit of the family.

A majority of the judges of the Tax Court were of the opinion that, because of the powers granted to petitioner by the trust instrument, the undistributed income of the trust in each of the years in question was his income, for purposes of taxation, by virtue of the provisions of section 22(a). The basis for their opinion is indicated by the following excerpt (at pages 1136–1137 of 2 T.C.):

"Certainly with such powers and rights in and to the trust corpus, and particularly to the income produced, there can be no question that if petitioner were the grantor he would be taxable on the income under section 22(a), Helvering v. Clifford, supra [309 U.S. 331, 60 S.Ct. 554, 84 L.Ed. 788], and petitioner makes no claim to the contrary. The fact that the powers and rights are not the retained powers and rights of a grantor but were received by petitioner as beneficiary of the trust and by grant from his father makes them no less substantial. As in the Clifford case, the rights and powers of the petitioner in and to the trust corpus and the income therefrom did not include all of the incidents of ownership, but we think it may definitely be said that the benefits held by and belonging to petitioner, directly or indirectly, were such as to require the conclusion that he was the owner of the income here in question, within the meaning of section 22(a), supra. In Corliss v. Bowers, 281 U.S. 376 [50 S.Ct. 336, 74 L.Ed. 916], the Supreme Court said:

4

" 'But taxation is not so much concerned with the refinements of title as it is with actual command over the property taxed—the actual benefit for which the tax is paid. * * * Still speaking with reference to taxation, if a man disposes of a fund in such a way that another is·allowed to enjoy the income which it is in the power of the first to appropriate it does not matter whether the permission is given *by assent or by failure to express dissent*. The income that is subject to a man's unfettered command and that he is free to enjoy at his own option may be taxed to him as his income, whether he sees fit to enjoy it or not. * * * (Italics supplied.)'

"While in Corliss v. Bowers the Court was considering and there determined the validity of subsections (g) and (h) of section 219 of the Revenue Act of 1924, later sections 166 and 167, supra [Revenue Acts of 1934 and 1936, 26 U.S.C.A. Int.Rev.Code §§ 166, 167], the thoughts there expressed are equally enlightening and forceful in determining the applicability of section 22 (a) under the doctrine of Helvering v. Clifford, supra. Considerations which justified and sustained the enactment of section 167 may also indicate the applicability of section 22(a) in accomplishing the same end, namely, the taxation of income to the holder or recipient of the actual benefit for which the tax is paid."

Two of the judges who concurred were of the opinion that it was unnecessary to consider the effect of section 22(a). They thought that the undistributed trust income was taxable to petitioner as income "to be distributed currently" by the fiduciaries to the petitioner as beneficiary, within the meaning of section 162(b).

Five of the judges of the Tax Court dissented. The conclusion of four of the dissenting judges is concisely stated as follows (at pages 1151, 1152 of 2 T.C.) :

"Trust No. 3660 here involved was no mere tax saving device. It was unquestionably a real trust set up for legitimate purposes and one which, it seems to me, Congress intended to tax according to the provisions of sections 161 and 162. Under section 161 it was the duty of the trust to include in its income tax return all taxable gross income and from this gross income it was entitled to take all the ordinary deductions granted to an individual by the statute. In addition to these deductions the trust was entitled to take the deduc-

tions granted by subparagraph (b) of section 162, * * *.

"The trust was directed to pay annually out of the net income of the trust $10,000 to Elizabeth E. Mallinckrodt, wife of petitioner. This was income which was clearly 'to be distributed currently' to her within the meaning of (b) of section 162 and under the terms of that subparagraph was deductible by the trust and taxable to the beneficiary, Elizabeth E. Mallinckrodt. Concerning this $10,000 there is no issue in this case.

"The remainder of the net income of the trust was not currently distributable to petitioner, Edward Mallinckrodt, Jr., but only such part of the remainder of the net income of the trust, after the $10,000 distribution to Elizabeth, was distributable to him as he might request. The settlor of the trust directed that such part of the net income of the trust as might not be requested by petitioner should be accumulated and should at the end of the year become a part of the principal of the trust estate, subject to such further disposition as was in the trust indenture provided for the principal of the trust estate. Under these provisions only that part of the net income requested by petitioner was currently distributable to him and taxable to him under the provisions of section 162(b). The balance of the net income not so requested was 'income accumulated or held for future distribution under the terms of the will or trust' within the meaning of section 161(a) (1) and was taxable to the trust. The findings of fact show that 'the trustees filed income tax returns with respect to the undistributed taxable income of the trust and paid the tax shown on the returns.' In my opinion the law does not require more."

The conflicting contentions of the parties as to the applicable law are clearly reflected in the opinions of the judges of the Tax Court. 2 T.C. 1133–1138, 1150–1155. No useful purpose would be served by a further discussion.

■ We shall briefly state our conclusions and our reasons for them. We think that the undistributed income of the trust in suit was not income "to be distributed currently" by the fiduciaries to petitioner as beneficiary, within the meaning of section 162(b). This, for the reason that, by the terms of the trust instrument, the trustees could not distribute trust income to

petitioner except upon his request, and were obliged to accumulate and to add to trust corpus all undistributed net income at the end of each year. The trustees were bound to abide by the exact terms and conditions of the trust instrument. By its terms, trust income was not distributable to petitioner unless he elected to withdraw it by requesting that it be paid to him.

We have no quarrel with the views expressed by the minority of the Tax Court relative to the applicability of section 161 (a) (1), 26 U.S.C.A. Int.Rev.Code, § 161 (a) (1). Similar views were expressed by this Court in Clifford v. Helvering, 8 Cir., 105 F.2d 586, and by Mr. Justice Roberts in the dissenting opinion in Helvering v. Clifford, 309 U.S. 331, 338, 60 S.Ct. 554, 84 L.Ed. 788, in which case this Court was reversed. See also the dissenting opinion in Jergens v. Commissioner, 5 Cir., 136 F. 2d 497, 498, certiorari denied 320 U.S. 784, 64 S.Ct. 192. In the absence of the construction and effect which has been accorded to section 22(a) by the Supreme Court in Helvering v. Clifford, supra, and other similar cases, one could well believe that it was the intent of Congress that a bona fide trust should be a distinct taxable entity and that its undistributable "fruits" should not be "attributed to a different tree from that on which they grew", Lucas v. Earl, 281 U.S. 111, 115, 50 S.Ct. 241, 74 L.Ed. 731, but should be taxable to the trust. Compare Appeal of Sprague, 1927, 8 B.T. A. 173, 179, 180.

We agree with the majority of the Tax Court that implications which fairly may be drawn from the opinions of the Supreme Court in Corliss v. Bowers, 281 U.S. 376, 378, 50 S.Ct. 336, 74 L.Ed. 916, Helvering v. Clifford, 309 U.S. 331, 60 S. Ct. 554, 84 L.Ed. 788, and other cases relative to the taxability of trust income to one having command over it, justify, if they do not compel, the conclusion that the undistributed net income of the trust in suit, during the years in question, was taxable to petitioner under section 22(a). This, because the power of petitioner to receive this trust income each year, upon request, can be regarded as the equivalent of ownership of the income for purposes of taxation. In Harrison v. Schaffner, 312 U.S. 579, 580, 61 S.Ct. 759, 760, 85 L.Ed. 1055, the Supreme Court approved "the principle that the power to dispose of income is the equivalent of ownership of it and that

the exercise of the power to procure its payment to another, whether to pay a debt or to make a gift, is within the reach of the statute taxing income 'derived from any source whatever.'" It seems to us, as it did to the majority of the Tax Court, that it is the possession of power over the disposition of trust income which is of significance in determining whether, under section 22(a), the income is taxable to the possessor of such power, and that logically it makes no difference whether the possessor is a grantor who retained the power or a beneficiary who acquired it from another. See Jergens v. Commissioner, supra, at page 498 of 136 F.2d. Since the trust income in suit was available to petitioner upon request in each of the years involved, he had in each of those years the "realizable" economic gain necessary to make the income taxable to him. See Helvering v. Stuart, 317 U.S. 154, 168, 169, 63 S.Ct. 140, 87 L.Ed. 154; Helvering v. Clifford, supra, at pages 336, 337 of 309 U.S., 60 S.Ct. 554, 84 L.Ed. 788; Helvering v. Gordon, 8 Cir., 87 F.2d 663, 667.

The decision of the Tax Court is affirmed.