GRANT v. COMMISSIONER OF INTER-
NAL REVENUE.

No. 12604.

United States Court of Appeals
Fifth Circuit.

June 3, 1949.

Rehearing Denied July 12, 1949.

Allen W. Clapp, Atlanta, Ga., for petitioner.

L. W. Post, Ellis N. Slack, Irving S. Axelrad, Sp. Assts. to Atty. Gen., Theron Lamar Caudle, Asst. Atty. Gen., Charles Oliphant, Chief Counsel, Washington, D. C., John W. Smith, Sp. Atty., Bur. Int. Rev., Washington, D. C., for respondent.

Before SIBLEY, HOLMES, and Mc-CORD, Circuit Judges.

HOLMES, Circuit Judge.

John W. Grant, husband of petitioner, died on the 8th of March, 1938. By the terms of his will, a residuary trust was set up for the benefit of his wife during her life; and, after her death, for the benefit of the testator's children and grandchildren. All of said trust estate was subject to the following provision: "At the end of each year my trustees shall pay to my wife all or any part of the net income of said trust estate that my wife may elect and any portion of said net income not drawn by my wife shall be added to the corpus of said trust estate." His wife never elected to take any part of said income from the time of his death until June 20, 1945, on which date she renounced and released all income bequeathed to her by the testator. At the close of each of the years 1943, 1944, and 1945, the income of the trust was added to the corpus by the trustees as required by the above-quoted provision of the will. The decision of the Tax Court approved deficiency assessments against petitioner for the years 1943 and 1944, and for that part of the year 1945 which elapsed before June 20, 1945.

The petitioner contends that she is not taxable on the income of said trust estate, since she never received, or elected to receive, any part of it, but expressly renounced her right to the same. Trust

income is taxable either to the beneficiary (the petitioner herein) or to the trust estate. If it is taxable to the trust estate under Sections 161(a) and 162(b) of the Internal Revenue Code, 26 U.S.C.A. §§ 161 (a), 162(b), then it is not taxable to the beneficiary under Section 22(a) of said code. Whether the tax is imposed upon the trust estate or the beneficiary thereof depends upon the terms of the trust instrument. Since the trust instrument here specifically provides that the trustees shall pay to petitioner, at the end of each year, all or any part of the net income that she may elect, and that any portion not drawn by her shall be added to the corpus of the trust, the contention of petitioner is that she was precluded from making the election within the taxable year, and the trustees were precluded from making the distribution currently. We think the decision of the Tax Court was correct, not only under said Section 22(a), as it held, but under said Section 162(b). "At the end of the year" means by or before the end, not after the end, of the year in question; and does not mean at or during the beginning of the following year. In its context, the phrase means not later than the last day of the taxable year. Therefore, the income was to be distributed currently. The petitioner was not required to wait until the end of the year to make her election. That was the time when the trustees were required to pay to the widow of the deceased all or any part of the trust income that she might have elected to receive. With the expiration of that year, the portion not elected was required to be added to the trust estate. The taxpayer's right to receive the trust income upon her election to draw it before the end of the year was equivalent to the ownership during her life of all such income; in fact, it was in equity a qualified ownership of the corpus of the estate; but if petitioner's construction should be deemed correct, that the income was not currently distributable, she would nevertheless be taxable under Section 162(d) (3), which was amended by the Revenue Act of 1942, so as to provide that income earned by a trust in a prior year but not distributable until the first 65 days of the new year shall be treated as distributable on the last day of the previous year. Corliss v. Bowers, 281 U.S. 376, 50 S.Ct. 336, 74 L.Ed. 916; Helvering v. Clifford, 309 U.S. 331, 60 S.Ct. 554, 84 L. Ed. 788; Harrison v. Schaffner, 312 U.S. 579, 61 S.Ct. 759, 85 L.Ed. 1055; Jergens v. Commissioner, 5 Cir., 136 F.2d 497; Frank v. Commissioner, 3 Cir., 145 F.2d 413; Mallinckrodt v. Nunan, 8 Cir., 146 F.2d 1, certiorari denied 324 U.S. 871, 65 S.Ct. 1017, 89 L.Ed. 1426; Stix v. Commissioner, 2 Cir., 152 F.2d 562; Emery v. Commissioner, 1 Cir., 156 F.2d 728; Funk v. Commissioner, 3 Cir., 163 F.2d 796; Id., 7 T.C. 890; Bunting v. Commissioner, 6 Cir., 164 F.2d 443.

Finally, until June 20, 1945, when she expressly renounced it, the entire income from this trust was subject to petitioner's absolute command, and was taxable to her whether she saw fit to enjoy it or not. The renunciation of the trust income, even if retroactive under state law, did not relieve petitioner of taxation predicated upon economic ownership. Such renunciation, as to the income earned on the date mentioned, was an anticipatory assignment thereof to the remaindermen, who were her three children and one grandson. Helvering v. Horst, 311 U.S. 112, 61 S.Ct. 144, 85 L.Ed. 75, 131 A.L.R. 655; Helvering v. Eubank, 311 U.S. 122, 61 S.Ct. 149, 85 L.Ed. 81.

The decision of the Tax Court is Affirmed.