## SMITHER v. UNITED STATES.
### Civ. A. No. 5866.

United States District Court
S. D. Texas, Houston Division.
May 16, 1952.

Baker, Botts, Andrews & Parish, Robert Jewett, Houston, Tex., for plaintiff.

Brian S. Odem, U. S. Atty., and Wm. R. Eckhardt, Houston, Tex., for defendant.

CONNALLY, District Judge.

This action is one to recover income taxes alleged by the plaintiff to have been illegally assessed and collected for the calendar years 1944 and 1945. It presents the question as to whether the income from property, which is held by a fiduciary who is likewise a beneficiary, is taxable to the estate, or to the fiduciary personally as the actual and beneficial owner. Most of the facts are stipulated, and I refer to the stipulation and its exhibits for a complete statement of fact.

W. L. Smither, the decedent whose estate is in issue, died testate July 15, 1920. His will, prepared and executed in 1909, was duly offered and admitted to probate. By the terms thereof, Mr. Smither devised to his widow, the plaintiff here, "so long as she lives and remains my widow", all of his property "to be used by her for her own support, maintenance, comfort and enjoyment, and for the support, maintenance, education, comfort, and enjoyment of" their children; *"said property, however, to be subject to the control and management of the executors of this will as hereinafter provided for"*. (Emphasis added.) Succeeding paragraphs of the will provide for the manner of distribution of the estate in the event of Mrs. Smither's remarriage, or upon her death without having remarried, etc. The will appointed the decedent's two brothers and the plaintiff as executors, invested them with wide discretionary powers incident to the management of the estate, and empowered the

executors to expend such part of the income and to invade the corpus of said estate for the support, maintenance, comfort and pleasure of Mrs. Smither and of the children "as in the discretion of my said executors may appear to be proper or desirable". Control of the executors was to continue until the death of Mrs. Smither, or in the event of her death or remarriage during the minority of the children, then until they became of age.

The plaintiff and all of the children survive, and the plaintiff has not remarried.

The named executors qualified and entered upon their duties. They continued to serve until the death of the first brother in 1929, and the death of the second brother in 1934. There is no provision in the will for the appointment of additional or substitute executors, and no application has been made for a court appointment. Since 1934, the plaintiff has served as the sole surviving executor.

In the years in question, income from the properties of the estate was not necessary for the support, maintenance, comfort or pleasure of either Mrs. Smither or the children, and none of such income was spent by her for such purpose. An income tax return reflecting such income was prepared by the estate, as a trust estate, and the tax paid under Sec. 161(a) and (b) of the Internal Revenue Code, 26 U.S.C.A. § 161(a, b). The Government contends that it was taxable to Mrs. Smither personally, basing such contention on two propositions: first, that the will created no trust; that the executors were intended by the testator to serve as executors only and not as trustees; that title to the property passed to the beneficiaries (including plaintiff Mrs. Smither, as holder of a life estate), and hence the income was taxable to her under Section 22(a) of the Internal Revenue Code, 26 U.S.C.A. § 22(a), as income from her own property; or, second, that if in fact a trust was created under terms of the will, Mrs. Smither as sole trustee during the years in question had unlimited discretion to expend all or any part of the income for her own purposes, and hence the income should be taxable to her under Corliss v. Bow-

ers, 281 U.S. 376, 50 S.Ct. 336, 74 L.Ed. 916; Mallinckrodt v. Nunan, 8 Cir., 146 F.2d 1; Grant v. Commissioner, 5 Cir., 174 F.2d 891, and similar cases.

Placing a contrary interpretation upon the will as to both points, the plaintiff contends a trust in fact was intended by the testator and created by the will; and that the control of the plaintiff, even though serving as sole trustee by reason of the death of her co-trustees, was subject to well recognized and enforceable rights of the children as additional beneficiaries, and that plaintiff had no such unfettered control of the income as to bring her case within the holding of cited authorities.

 On the first question, the intention of the testator as expressed by terms of the will must control. From an examination of the instrument from its four corners, I am of the opinion that the testator intended that a trust relationship should arise, and that in fact a trust was created. His purpose appears to have been not alone to provide for the orderly winding up of his business affairs, payment of debts, and distribution of assets to his devisees, but likewise to provide for the longtime management of his business and assets with income to be devoted to the maintenance and well-being of his wife during the remainder of her lifetime and to his children during their minority. The powers which he delegated to his executors exceed those with which as independent executors they would have been vested under the Texas statute, Ch. 11, Art. 3426, et seq., Vernon's Ann.Civ.St., and were to be exercised over a longer period of time than normally would be required for the administration of such an estate. The broad discretion with which the testator clothed his executors extended not only to his business affairs but to those more tender and personal matters, as the support and welfare of the testator's wife and infant children. All this smacks of the trust, rather than solely the executor relationship.

In Paton v. Baugh, Tex.Civ.App., 265 S.W. 250, 252, a trust was held established by a will strikingly similar to the one in question, differing in material particu-

lar only in that at one point there the testator directed the property in question be held "in trust" by his executors. Relying not so much on the presence of these two words as on the general intention of the testator drawn from the instrument as a whole, the Court said:

"No particular formula is required to create a trust. Wherever in a will a person is directed to carry out certain provisions for the benefit of another, and if this cannot be done, except the legal title to property is vested in such person, he will be deemed to be invested with the legal title for purposes of the trust, and a trust will arise by implication, although there may be no direct devise of the legal title of the property involved."

In addition to McMurray v. Stanley, 69 Tex. 227, 6 S.W. 412 and Dulin v. Moore, 96 Tex. 135, 70 S.W. 742, the Court cites Underhill on Wills (V. 2, § 781, p. 111) wherein the author states " 'The testator need not employ the word "trust" in his will' "; and where the intention is clear and the necessary requisites present "then that person will be a trustee by implication, though there may have been no direct devise of the legal title to him and the word 'trustee' or 'trust' was not used". I do not construe Beckham v. Beckham, Tex. Com.App., 227 S.W. 940, as holding to the contrary.

■ The will contains the essential requisites for creation of a testamentary trust, for the identity of the trust property and of the beneficiaries, and the purposes of the trust clearly appear, 1 Scott on Trusts, § 54, p. 289. When coupled with the intent which I have found the testator entertained, this result was accomplished.

■ If this be true, under the terms of the trust did the plaintiff have such power over the trust income that she could withdraw any portion thereof—for any purpose—subject only to her own whim or caprice, without accountability, as in Mallinckrodt v. Nunan, supra, and Grant v. Commissioner, 5 Cir., 174 F.2d 891; or was she empowered to direct its disposition to others, purely for her own purposes, as in

Harrison v. Schaffner, 312 U.S. 579, 61 S.Ct. 759, 85 L.Ed. 1055. I think not. The will provided for three trustees, who served for several years, presumably in compliance with their designated powers and in harmony with the expressed purposes of the trust. Certainly during the lifetime of her co-trustees, the plaintiff had no such unfettered control of the trust income as to make it wholly hers in law, or taxable to her. In my opinion, she gained no greater interest upon their demise. As sole surviving trustee, her use of the trust income remained subject not alone to a compelling moral obligation to carry out the expressed desires of her deceased husband, but to a legal obligation as well, namely, that no more be withdrawn for her own purposes than was necessary for her support, maintenance, comfort and enjoyment, with a similar right in favor of the children. In my opinion, this standard as set out in the will was sufficiently clear and definite to be both understandable and enforceable. When read in connection with other provisions of the will, and viewed in the light of the testator's circumstances, it means no more than that the needs of maintaining the family in the station in life to which it had become accustomed should be met, Sunderland v. Commissioner, 3 Cir., 151 F.2d 675; Funk v. Commissioner, 3 Cir., 185 F.2d 127.

The defendant urges Merchants Nat. Bank v. Commissioner, 320 U.S. 256, 64 S. Ct. 108, 111, 88 L.Ed. 35, upon me as compelling a contrary result. It is true that the purposes for which the trust income might be utilized, or the corpus invaded, under terms of the trust there in question ("for 'the comfort, support, maintenance and/or happiness of my [said] wife' ") are very similar to those before me. But the question presented to the Court there was entirely different. The Court there held that where the trustee was charged with the duty of utilizing the income or corpus for such purposes for the lifetime of the life-tenant beneficiary the *amount of corpus* which would remain at the death of such life tenant, and then be payable to certain charities as remaindermen, was too uncertain and indefinite to constitute

a deductible item (as a charitable bequest) for estate tax purposes.[1] I do not consider such authority in point on the question before me.

In recent years the courts, in tax cases (with full propriety, I think), have looked with a skeptical eye upon utilization of the trust device among a close family group, the only apparent result accomplished by the creation of such trust being a net reduction in the family's total tax bill. The bona fides of the entire transaction frequently is questioned. But that is not this case. This will was drafted four years before adoption of the Sixteenth Amendment. The testator obviously had in mind no tax saving device, but a long-range plan for the support and maintenance of his wife and then infant children. He charged his two brothers and his wife with this obligation. There is no suggestion that all have not recognized and respected it. While the lapse of many years has effected changes in circumstance, it has not affected the essentials of this relationship. The Congress has provided for the taxation of trust estates by Section 161 of the Internal Revenue Code, and in my opinion, that is the provision under which the income here in question should be taxed.

Judgment will go for the plaintiff. This memorandum, and the stipulation of fact heretofore filed, will be adopted as findings of fact and conclusions of law.

Clerk will notify counsel, who will present decree within 10 days.

[1]. The case likewise presented an income tax question, based on the same.