John S. Gurich and Lillian J. Gurich v. Commissioner. Robert E. Bessette and Margaret L. Bessette v. Commissioner.
Gurich v. Commissioner
Docket Nos. 71232, 71233.
United States Tax Court
T.C. Memo 1960-189; 1960 Tax Ct. Memo LEXIS 100; 19 T.C.M. (CCH) 992; T.C.M. (RIA) 60189; September 19, 1960
C. Keefe Hurley, Esq., 60 State Street, Boston, Mass., for the petitioners. Albert R. Doyle, Esq., and J. Frost Walker, Jr., Esq., for the respondent. WITHEY
Memorandum Findings of Fact and Opinion WITHEY, Judge: Deficiencies in income tax and additions to tax have been determined by respondent against petitioners for the years and in the amounts following: Petitioners John S. and Lillian J. Gurich,
Docket No. 71232
Additions to tax,
I.R.C. 1939
Sec. 294
Year
Income Tax
(d)(1)(A)
Sec. 294(d)(2)
1952
$4,131.60
$489.42
$326.28
1953
5,547.02
1954
4,914.42
1955
4,956.50
Petitioners Robert E. and Margaret L. Bessette,
Docket No. 71233
1952
$2,971.22
$350.31
$233.54
1953
4,157.76
1954
3,659.86
1955
4,148.32
*101 The sole issue in controversy is whether the income of a family trust should be taxed as the income of the grantors thereof who are petitioners John S. Gurich and Robert E. Bessette. The pleadings raise no issue respecting additions to tax under sections 294(d)(1)(A) and 294(d)(2). Respondent has however, on brief, conceded with respect to additions to tax under the latter section. Findings of Fact The petitioners bearing like surnames are respectively husbands and wives residing during the years at issue in Arlington, Massachusetts. Each couple has timely filed its respective joint income tax returns for those years with the district director at Boston, Massachusetts. Hereinafter the word "petitioners" has reference to the husbands. On July 3, 1950, petitioners executed a declaration of trust entitled "B & G Realty Trust" as grantors and were trustees as well as beneficiaries thereof. As trustees they filed fiduciary income tax returns for the trust for the years at issue with the district director at Boston. These returns each designated all income of the trust as distributed or distributable to the beneficiaries. The respective wives and children of the petitioners were *102 the other beneficiaries of the trust. Pertinent provisions of the trust instrument which are here particularly in controversy are as follows: 2e. * * * if they [petitioners] deem it advisable, may accumulate all of the income and pay out to said beneficiaries only such income as they in their sole discretion shall deem to be necessary for the proper education, maintenance, comfort, support or convenience of each beneficiary. * * *
3. * * * from time to time in their discretion to sell, transfer or convey, free from this trust, any part or all of the property held by them from time to time hereunder for the purpose of changing or altering investments and/or trust premises or property or for purposes of procuring funds to make the payments herein provided to be made or for the purpose of distribution or for any other purpose, at public auction or private sale, at such price and on such terms as may seem best to them. * * * 9. The Trustees may at any time alter, amend, change or modify or otherwise change the terms hereof, the same to take effect upon recording of an instrument setting forth alteration, amendment, change or modification in the Registry of Deeds where the *103 instrument is recorded, and thereupon the Trustees shall hold the trust premises and/or property upon the terms, trusts, and conditions, herein contained as altered, amended, changed or modified by such instruments. 10. This trust shall continue for a period of ten (10) years from this date, but the Trustees hereunder may at any time terminate the trust provided, however, that all beneficiaries, hereunder, of full age, within thirty (30) days from the giving of notice to them by the Trustees to that effect, shall approve such termination. On September 20, 1957, the respondent's notice of deficiency in each of these consolidated cases was mailed to the respective petitioners. On December 18, 1957, the respective petitions of petitioners in these cases were filed with this Court. In December of 1957, one of the beneficiaries of the trust, Louis Gurich, after being first notified by the trustees that they intended to so alter or amend the trust instrument as to reinvest themselves with the entire trust income, brought an action in equity before the Probate Court of Middlesex County, Massachusetts, naming as adverse parties the petitioners herein. In his pleadings filed in that court *104 and cause Louis prayed for injunctive relief and for reformation of the trust instrument alleging as fact that petitioners as grantors of the trust had intended that the words "other than paragraph ten (10) hereof" should have ben included in paragraph 9 of the trust instrument at the time of its execution; that such words had been omitted from paragraph 9 through scrivener's error. All interested parties filed appearances and answers with the exception of petitioners' wives whose defaults were entered. On June 17, 1959, after a hearing the Probate Court entered the following decree from which no appeal has been taken: COMMONWEALTH OF MASSACHUSETTS PROBATE COURT
Middlesex, ss. At a Probate Court held at Cambridge in and for said County of Middlesex, on the seventeenth day of June in the year of our Lord one thousand nine hundred and fifty-nine On the petition in equity of Louis A. Gurich, petitioner, against Robert E. Bessette, Junior, Alice M. Bessette, Lorraine R. Bessette, Jane M. Bessette, John W. Gurich, Nancy Gurich, Louis A. Gurich, Junior and Linda Gurich, minors, Robert E. Bessette, Margaret L. Bessette, John S. Gurich, Lillian J. Gurich, Louis A. Gurich and said *105 Robert E. Bessette and John S. Gurich as they are trustees under an instrument of trust dated July 3, 1950 and known as the B. & G. Realty Trust, and Twyla Gurich, respondents, representing that under paragraph 9 of said trust said trustees are authorized to make alterations and amendments to said trust; that said paragraph nine through error omitted to contain the phrase "other than paragraph ten (10) hereof"; that said trustees relying upon the language of said paragraph nine without authority of the beneficiaries of said trust intend to amend said trust so as to make themselves sold beneficiaries thereof: and praying for injunctions; that said Court determine the right of said trustees to alter said trust and for such further relief as may seem meet. It appearing that notice according to the order of the Court has been given to all parties interested; that said petition has been taken for confessed as against Margaret L. Bessette and Lillian J. Gurich for failure to appear and answer; and all other persons interested, including a guardian ad litem appointed to represent said minors and persons unborn or unascertained who are or may become interested, have appeared and answered: *106 After hearing and consideration, the Court orders and decrees that said trust instrument be reformed as of July 3, 1950 to conform to the intention of the parties by inserting in paragraph nine of said trust instrument the words "other than paragraph ten (10) hereof" as a limitation upon the power of the trustees to alter, amend, change, modify or otherwise change the terms of said trust so that said paragraph nine reads as follows: "The Trustees may at any time alter, amend, change or modify or otherwise change the terms hereof, other than paragraph ten hereof, the same to take effect upon recording of an instrument setting forth alteration, amendment, change or modification in the Registry of Deeds where the instrument is recorded, and thereupon the Trustees shall hold the trust premises and/or property upon the terms, trusts, and conditions, herein contained as altered, amended, changed or modified by such instruments.": and it is further ordered that under paragraph ten of said instrument said trustees have no authority to change the names, numbers or percentage interest of the beneficiaries of said trust from those set forth as of July 3, 1950, except with written consent *107 of all beneficiaries over the age of 21 years. And it is further ordered and decreed that there be awarded to Vincent L. Hennessy, Esquire guardian ad litem the sum of four hundred dollars to be paid out of said trust fund. Opinion Under his so called Clifford regulations, Regulations 118, section 39.22(a)-21, and on the authority of Edward Mallinckrodt, Jr., 2 T.C. 1128, affd. 146 F. 2d 1, certiorari denied 324 U.S. 871, respondent, as to the years 1952 and 1953 and under the provisions of section 677 of the Internal Revenue Code of 1954 as to 1954 and 1955, has attributed the income of B & G Realty Trust, a family trust, to the two grantors who are petitioners herein. His action is predicated upon his contention that the trust instrument in controversy provides for the retention by the grantors of so great control over the income, corpus, and designation of beneficiaries of the trust as to virtually leave the trust corpus in their hands as individuals. Petitioners contend that by virtue of the terms of the trust instrument and their intention as grantors with respect thereto and the decree of the Probate Court *108 for Middlesex County, Massachusetts, set forth in our findings in full, their rights to so alter, amend, and change the terms of the instrument so as to divest the named beneficiaries of their interests in the trust corpus and income and to at any time and at their mere whim reinvest themselves with such property and rights never existed; that as reformed by the court the instrument expressly prohibits such divesture. We find to the contrary. The trust instrument clearly evidences by its terms and intention on the part of petitioners that they are to retain virtually absolute control over the trust corpus and income and the designation from time to time and in their sole discretion without limitation of different beneficiaries. This is true because of their expressed authority to change, alter or amend any provision of the instrument. Petitioners urge that the Probate Court's addition or insertion of the words "other than paragraph ten (10) hereof" into paragraph 9 of the trust instrument has the effect of limiting such rights in petitioners so that they may be exercised only with the consent of those beneficiaries who have attained their majority. It is clear that the court made *109 no such sweeping reformation. Paragraph 10 provides only for the termination of the trust in 10 years or earlier upon consent of adult beneficiaries. By insertion of the quoted phrase in paragraph 9 the court has plainly spoken to the effect that petitioners as grantors still retain all of the powers originally held by them except that they may not alter, amend or change the provisions for termination of the trust. More specifically, the court decreed that paragraph 10 might not be used by petitioners to divest existing beneficiaries of their designations as such or their stated percentages of interest in trust property or income. The decree is, however, silent as to any other provision of the instrument. As we read the trust instrument and the decree of the Probate Court petitioners as grantors of the trust remained free to terminate the same at will. Even after its reformation, paragraph 9 of the trust instrument still permits the petitioners by alteration, amendment or change of the trust instrument to constitute themselves the sole and only adult beneficiaries. Having done so, the only remaining step required by paragraph 10 which need be taken by them to terminate the trust *110 is to agree with themselves to so terminate it. The powers of virtually unlimited control, divestiture, and reinvestiture originally retained by petitioners upon their execution of the trust instrument remain with them intact and require that Helvering v. Clifford, 309 U.S. 331, Edward Mallinckrodt, Jr., supra, the cited regulations, and section 677 of the 1954 Code that the income of the trust must be taxed to petitioners. Because of lack of proof as to the percentage interests of petitioners in B & G Realty Trust, we must sustain the respondent's determination that 50 per cent is attributable to each. We do not consider it necessary to determine the issue whether the state court decree is binding upon this court in view of our holding above. Because of adjustments Decisions will be entered under Rule 50.