SEXTON *v.* CRONKHITE ET AL.

[No. 10,466. Filed June 22, 1920. Rehearing denied October 26, 1920. Transfer denied November 19, 1920.]

1. WILLS.— *Construction.— Life Estate.— Conditional Fee.*—A will devising the whole of testator's estate to his wife during her life for her own use and benefit, and by a subsequent item devising certain land to a son to "have the same for his use

and benefit for the term of twenty years, then he, if living, may dispose of the same; if he should die before the twenty years, then I will that his lawful children inherit the same," etc., *held* to confer a life-estate in such land upon the widow, and a conditional fee upon the son, depending upon him surviving his mother twenty years, the son not being entitled to the use and benefit thereof until the death of the widow.   pp. 249, 250, 251.

2.  WILLS.—*Repetition of Words.*—*Presumption as to Meaning.*— *Construction.*—Words used more than once in a will must be presumed to have been used in the same sense, unless a contrary intention appears by the context, or unless the words be applied to different subjects.   p. 250.

3.  ESTATES.—*"Use and Benefit."*—*Interest Denoted.*—"Use and benefit" are words of wide application and cover the entire beneficial interest in the land in controversy.   p. 250.

4.  WILLS.— *Remainders.*— *Postponement of Enjoyment.*— *Construction of Words.*—Words in a will postponing the enjoyment of the real estate are presumed to relate to the beginning of the enjoyment of the remainder and not to the beginning of such estate.   p. 250.

5.  REMAINDERS.—*Conditional Fee.*—*Mortgage by Remainderman Before Fee is Absolute.*—*Life Estates.*—Where lands were left to the widow for life, and upon her death the use and benefit to go to a son, whose title, should he survive the widow twenty years, was to become absolute, otherwise the land to go to his lawful children, a mortgage executed by the son during the life of the widow did not create any lien upon the land as against his children, his expectancy not being such as to give him all the incidents of a fee, he being at his death the owner of a conditional fee only.   p. 251.

From Warren Circuit Court; *Burton B. Berry,* Judge.

Action by George L. Cronkhite and others against John Sexton.   From a judgment for plaintiffs, the defendant appeals.   *Affirmed.*

*McCabe & Sons,* for appellant.

*H. D. Billings,* for appellees.

MCMAHAN, C. J.—Complaint by appellees, George L. Cronkhite, Bessie Cronkhite and Ada Talbert, children of Winfield S. Cronkhite, to quiet title to certain real estate in Warren county, Indiana.   Appellees claim to

own the real estate in controversy under the will of Levi Cronkhite.

Appellant filed an affirmative answer, alleging that Winfield S. Cronkhite became the owner of said real estate through said will and, being indebted to appellant, mortgaged said land to appellant in 1905 to secure the payment of said debt, and asking for the foreclosure of said mortgage. Appellant's demurrer to the complaint was overruled and appellees' demurrer to the answer sustained. These rulings are assigned as error and require a construction of items 2 and 5 of the will of Levi Cronkhite. Said items 2 and 5 read as follows:

(2) "I will to my wife Mary Ann Cronkhite, all my estate, both real and personal, during her life to have and to hold the same for her own use and benefit. (5) To my son, Winfield S. Cronkhite, I will (describing land in controversy). My will is that he shall have the same for his use and benefit for the term of twenty years, then he, if living, may dispose of the same; if he should *die* before the twenty years, then I will that his lawful children inherit the same and if there be no children of his own living, then the said land goes to the heirs of Levi Cronkhite the maker of this will."

It will be observed that the real estate mentioned in item 5 is included in item 2, which gives the widow a life estate in all of the testator's real estate.

Levi Cronkhite died in April, 1893, and his will was probated soon thereafter. The widow, Mary Ann Cronkhite, died in 1912 and Winfield S. Cronkhite died in 1917. In addition to the above and foregoing facts the appellant in his answer alleges that, prior to the death of Levi Cronkhite, he had placed Winfield Cronkhite in possession of the land so devised to him by said will, and that said Winfield Cronkhite had been in possession of said land for three years prior to the death of said testator, and that he remained in possession of

said land, claiming to be the owner thereof in fee simple subject only to the condition that he survive the testator twenty years; that he paid no rent to his mother, Mary Ann Cronkhite, and that she acquiesced in his claim, and that said Winfield and his mother both construed said will to mean that the estate given by it to said Winfield was subject to her life estate, and that the said Winfield occupied said land and had the use and benefit of the same for more than twenty years after the death of his father. A copy of said will and codicil thereto are made a part of the said complaint and answer.

The controversy turns on the construction of that part of said item 5 reading as follows:

"My will is that he shall have the same for his use and benefit for the term of twenty years, then he if living, may dispose of the same. *   *   *"

Appellant calls attention to items 7 and 8, which he claims throw light on the intention of the testator as expressed in item 5.

In item 7 he gave his daughter Mary a tract of land and used the words: "To have and to hold the same for her use for fifteen years, and at the expiration of fifteen years, she is to be the sole owner in fee simple with full power to sell and convey the same, and if she die without issue before the expiration of the fifteen years' trust, then the said land reverts back to the heirs of the original donor." In item 8 he gave to his daughter Minnie a tract of land and used the following words: "To be held by her in trust for fifteen years, then said land is hers in fee simple with full power to convey or dispose of, and in case the said Minnie dies before the trust expires, then, and in that case it goes to her children and her children only, and in case she has no children, then it reverts back to the heirs of the donor."

Appellant argues that the testator by the use of the word "trust" in items 7 and 8 indicated an intention to create a trust in his daughters Mary and Minnie; that the trust was to begin on the death of the testator, and that we should hold that it was also his intention to create a trust in the son Winfield which was to commence on the death of the testator and at the end of twenty years would become a fee-simple title absolute; that the fifth clause of the will, when construed in the light of the other provisions of the will, give to Winfield Cronkhite the estate in fee simple, subject only to the condition that he survive the testator twenty years, and that the words, "subject to my wife's life estate" should be read into the fifth item of said will, making said clause read as follows: "My will is that he shall have the same for his use and benefit subject to my wife's life estate, for the term of twenty years, etc."

Appellees insist that under item 5 Winfield Cronkhite should have the use and benefit of the land twenty years before his title became absolute, and that, the testator having devised the use and benefit of the same land to his wife during her life, the testator must have intended that the use and benefit for twenty years by Winfield was to commence at the death of the widow instead of at the death of the testator, as they could not both have and hold the use and benefit at the same time, as such term "use and benefit" was intended by the testator.

By item 2 the entire use and benefit, that is, the beneficial use of the real estate described in item 5, was given to the widow for life. There was no use or benefit, as those words are understood and as to the testator evidently intended to use them, which were reserved from the devise to the widow and which were devised to Winfield Cronkhite for his enjoyment or for his use and benefit during the lifetime

of the widow. A common-sense construction of items 2 and 5 forces us to the conclusion that it was the intention of the testator that the use and benefit of the real estate in controversy should go to his widow during her lifetime, and upon her death that such use and benefit should go to his son Winfield, and that, if said son should live twenty years after the death of the widow, his title should become absolute. This is the reasonable interpretation of the language used, and is reached without any forced construction or circuitous reasoning.

There is nothing in the will to show that the testator intended to use the words "use and benefit" in item 5 in a different sense than when he used the same words in item 2. It is a well-settled principle that words occurring more than once in a will must be presumed to have been used in the same sense, unless a contrary intention appears by the context, or unless the words be applied to different subjects. *Bray* v. *Miles* (1899), 23 Ind. App. 432, 471, 54 N. E. 446, 55 N. E. 510. The words "use and benefit" are words of wide application and cover the entire beneficial interest in the land in controversy. *Roberts* v. *Lynn Ice Co.* (1905), 187 Mass. 402, 73 N. E. 523.

It is not uncommon to affix conditions to a devise, and a less estate may be granted to continue until the happening of a prescribed event, then to enlarge into an absolute fee. *Matlock* v. *Lock* (1906), 38 Ind. App. 281, 73 N. E. 171; *Shimer* v. *Mann* (1885), 99 Ind. 190, 50 Am. Rep. 82. It is clear that Winfield S. Cronkhite, by the terms of the will of his father, took a conditional fee, clogged not only with the life estate of the widow, but with the provisions that it did not ripen into an absolute fee until after he had the use and benefit of it for a period of twenty years, and, if he died before the expiration of such twenty-year period, it went to his children. His twenty years' use

and benefit of the estate devised was postponed until the death of the widow. While the law favors the vesting of remainders, it also presumes that words postponing the enjoyment of the real estate relate to the beginning of the enjoyment of the remainder, and not to the beginning of such estate. *Moore* v. *Gary* (1897), 149 Ind. 51, 48 N. E. 630.

The testator, in measuring the title and right which he intended to confer upon his wife, declared in clear and unmistakable terms that she should "have and hold the same for her own use and benefit," during her life, and in measuring the title devised to his son Winfield he used the same words. It is clear that the testator did not intend that the widow and Winfield should at the same time have, hold and enjoy the full "use and benefit" of the real estate in question, or that there should be a division of, or a joint use and benefit of such real estate by his widow and son.

Appellant also contends that the mere expectancy of the estate during the lifetime of the widow created a use and benefit in Winfield which gave him a standing and credit, and a right to prevent waste, 1, 5. and all the incidents of ownership in fee. While such expectancy might give him some standing and credit, and give him a right to prevent waste, it would not give him all the incidents of ownership in fee. It would not give him the right to the rent or income, or, in other words, it would not give him the right to the "use and benefit" of the real estate during the lifetime of the widow. While the will speaks from the death of the testator, the use and benefit devised to Winfield does not begin until the use and benefit devised to the widow ends. It is our opinion that the will in controversy gave to Winfield S. Cronkhite a conditional fee depending upon him surviving his mother, and that by the express provisions of the will, if he survived his

mother twenty years, the title vested absolutely in him. In this we are supported by the well-considered cases of *Hayes* v. *Martz* (1910), 173 Ind. 279, 89 N. E. 303, 90 N. E. 309, and *Matlock* v. *Lock, supra.* It necessarily follows that appellant's mortgage did not create a lien on appellees' interest in said real estate. There was no error in overruling the demurrer to the complaint or in sustaining the demurrer to the answer.

Judgment affirmed.