### MEDLIN et al. v. MEDLIN et al.
### No. 5794.

Court of Civil Appeals of Texas. Amarillo.
June 16, 1947.

Rehearing Denied July 14, 1947.

Underwood, Johnson, Dooley & Wilson, of Amarillo, for appellants.

Carl Gilliland and James W. Witherspoon, both of Hereford, for appellees.

STOKES, Justice.

On November 21, 1939, T. W. Medlin died testate and left surviving him his wife,

Minnie Medlin, one of the appellees herein, and nine children, consisting of W. A., Thomas Franklin, Richard Cole, John and Keyes Medlin and Marie Harris, Julia McCall, Alice Gelvin and Geraldine Bonner. His last will and testament was admitted to probate on December 11, 1939, and this suit was instituted on the 15th of May, 1945, by five of the surviving children, namely: W. A. Medlin, Thomas Franklin Medlin, Marie Harris, Julia McCall and Alice Gelvin, all of whom are appellants here, against the surviving wife, Minnie Medlin, and the remaining four children, who constitute the appellees. The purpose of the suit was to obtain a declaratory judgment construing the last will and testament of T. W. Medlin, deceased, which, after declaring the testator's purpose to make and publish his last will and testament and directing the payment of his debts, is as follows:

"I give and bequeath to Minnie Medlin, my beloved wife, all of my property, real, personal and mixed, wherever located, to have the use and benefit of the same during her natural life, and at her death, all of such property in her hands shall completely vest in my children, share and share alike, namely, William Allen Medlin, Julia Medlin McCall, Richard Cole Medlin, John Medlin, Marie Medlin Harris, Alice Medlin Gelvin, Thomas Franklin Medlin, Keyes Medlin and Geraldine Medlin. In the event any of my said children shall be deceased at the time of the death of the said Minnie Medlin, and shall leave surviving them any child or children, then such interest of my said deceased child shall pass to and vest in such child or children of my said deceased child or children. But if any of my said children shall die without issue surviving such child, then such property shall be divided between my remaining children living at the time of the death of the said Minnie Medlin, share and share alike. It being by intention that any child or children of a deceased child shall receive the share of such deceased child.

"III. Realizing and knowing that there are considerable debts owed by me, which shall be required to be paid out of the properties owned by me and my wife, and that in order to keep and preserve the estate in the best manner, and for my wife to live comfortably, it will be necessary for her in some instances to lease, sell, transfer, mortgage and convey part or all of such properties, during her lifetime in order to pay debts and better manage and control such properties, therefore I hereby authorize, give full authority and direct my said wife, Minnie Medlin, to so handle and care for such property as she may see fit and proper, including the mortgaging and sale of any part thereof, real or personal property, upon any terms as she may see fit, and proper, and to, in all things conduct any and all business and operations that may be pending at my death in the way and manner she shall deem and think best, including the renting and leasing of any part of said property; her judgment in all of such matters to be controlling and binding.

"IV. I hereby appoint my said wife, Minnie Medlin, Independent Executrix of this, my will, and direct that no bond shall be required of her, and that no other action shall be had in the County Court in relation to the settlement of said estate than the probating and recording of this, my will, and the return of statutory inventory, appraisement and list of claims of said estate, and of all claims due or owing to me at the time of my death.

"V. I most kindly ask all of my children and their immediate families, in loving harmony, to aid my Executrix in carrying out my wishes as expressed in this will, and to in all things recognize the fact that I have utmost confidence in the judgment of my wife, the mother of all of my children, and that her judgment to be exercised on any matter pertaining to the handling and management of my estate is to be binding, and I request of all of my said children to fully cooperate with her and to not in any way hamper or hinder her, and I request of them and each of them that they in no way undertake to contest this, my will, in any provision herein contained.

"VI. It being my intention herein that my wife shall have the full and complete management, use and enjoyment of all of my property during her said life time, including all rents and revenues to be derived therefrom, and with full authority, if in her judgment necessary, to sell and convey any

portion thereof for the purpose of paying debts, or to be used by her during her life time, to so do, but any of such properties remaining on hands at the time of her death, including other properties which she may acquire by exchanging, or out of the proceeds of properties owned by me at my death, the same shall, upon her death, vest in and become the property of my said children or their descendants, in case of their death, living at the time of the death of my wife, in such proportion as hereinabove provided."

The issues made by the pleadings will be revealed in the discussion to follow. The court below placed upon the will the following constructions: (1) that it gives to the surviving wife, Minnie Medlin, a life estate in and to all the properties of the estate, including all mutations thereof; (2) that the life estate so devised is not limited or confined to user and benefit for her reasonable comfort, maintenance and support; (3) that the rents and revenues of the properties belong to Minnie Medlin and do not become a part of the corpus of the estate or the remainderman's interest devised to the children; (4) that appellee, Minnie Medlin, is made independent executrix with power to sell and convey part or all of the property of the estate for the purpose of paying the debts thereof and to provide for her comfortable support and maintenance; (5) that the remaindermen have no present vested interest in the estate; and (6) that there is no provision in the will, either expressed or otherwise, by which the interest of the testator and his surviving wife in the community property are liable ratably for the payment of the debts or support of the surviving wife.

Appellants duly excepted to the judgment, perfected an appeal and present the case in this court upon assignments and points of error in which they contend, first, that the court erred in holding that the life estate bequeathed to the surviving wife was not limited and confined to her use and benefit and for her reasonable and comfortable maintenance and support; secondly, that the court erred in holding that the rents and revenues accruing from the property after the death of the testator became the absolute and separate property of the surviving wife and do not become a part of the corpus of the estate or remainder interest devised to the children; thirdly, that the court erred in holding the will does not provide that the testator's portion of the community estate is only ratably liable for payment of the community debts owing by the estate; and, fourthly, they assign error of the court in holding that the remaindermen have no present vested interest in the property of the estate.

The contention under the first point of error is that the surviving wife, Minnie Medlin, received under the will a limited, rather than a general life estate. Appellants assert that the estate bequeathed to her was fashioned simply to provide and safeguard a comfortable living and support during her lifetime. In support of this contention, they say that Section III of the will provides that "in order to keep and preserve the estate in the best manner and for my wife to live comfortably, it will be necessary for her, in some instances, to lease, sell, transfer, mortgage and convey part or all of such properties during her life time in order to pay debts and better manage and control such properties * * *." They contend that the use of the quoted words indicates that the testator's plan and purpose was to limit the life estate bequeathed to his wife only to such use as might be necessary for her reasonable and comfortable maintenance and support. We are unable to agree with the appellants in this contention. We find nothing in the will which indicates a purpose on the part of the testator to limit in respect to her welfare and support the life estate bequeathed to his surviving wife. The adjectives, "reasonable" and "comfortable", are not used in the will and, to ingraft their implications of limitation upon the bequest to her would be to change completely a material portion of the will and the benefits which obviously the testator intended to confer upon her. It bequeaths to her, during her lifetime, all of the testator's property with remainder to the children, share and share alike, and then goes further and confers upon the wife the power and authority to sell, transfer, mortgage and convey part or all of the property during her lifetime. The clause in Section

III upon which the appellants rely and which we have quoted is not directory or imperative in its terms, but is only a portion of the premise laid down as a basis and reason for extending the power afterwards conferred in the same section. In the same section he mentioned the debts owing by him and, immediately following the quoted clause, the will proceeds: "therefore I hereby authorize, give full authority and direct my said wife, Minnie Medlin, to so handle and care for said property as she may see fit and proper * * *." It thus appears that the testator realized his estate was involved to such an extent that it was necessary to give to his wife a free hand in its management, even to the extent of selling and conveying a portion or all of it in such manner and under such circumstances as she might deem best and, in order to accomplish that purpose, he provided that her judgment in all of such matters should be controlling and binding.

■ The use of the phrases "use and enjoyment" and "use and benefit" in other portions of the will was not a limitation of the estate bequeathed. If it had any effect, it made more positive the absolute life estate bequeathed to her. The use and benefit of the property bequeathed constitutes the essential features of a life estate and, in fact, themselves constitute such an estate. No particular form of words is necessary for the creation of a life estate. Where a will bequeathes the use of rents or revenues or use and benefit during a life in being, its effect is to bequeath a life estate whether the technical term is used or not. Neely v. Brogden, Tex.Civ.App., 214 S.W. 614; Morris v. Eddins, 18 Tex.Civ. App. 38, 44 S.W. 203; Sexton v. Cronkhite, 74 Ind.App. 245, 127 N.E. 829; Bryson v. Hicks, 78 Ind.App. 111, 134 N.E. 874; Rutland v. Emanuel, 202 Ala. 269, 80 So. 107.

■ In support of their contention, appellants cite us to the cases of Johnson v. Goldstein, Tex.Com.App., 215 S.W. 840, and Hair v. Farrell, 21 Tenn.App. 12, 103 S.W.2d 918, the latter a Tennessee case, in which the question of limitations in such bequests were involved. There is no doubt that a limitation, such as that contended for by appellants, and those contained in the wills involved in those cases, may be placed upon an estate by a testator but, before it can be said that the estate bequeathed is burdened with such a limitation, the will must contain language clearly indicating such to be the purpose of the testator. In the Johnson case, it was held that not even a life estate passed to the devisee. The provision of the will was that he should have the homestead place "to be used and enjoyed by him as a home to live at for and during his natural life". The court held that this provision extended to the devisee only a right of occupancy of the premises as a home during his lifetime, and that it did not amount to a life estate. In the Hair case the testator specifically provided that the property was bequeathed subject to limitations and conditions as thereafter specified. The will then proceeded to limit the estate to be used by her for her own support and maintenance and "so long as she does not waste and squander the same" [21 Tenn. App. 12, 103 S.W.2d 921].

■ From the entire will here involved, it is obvious that the main plan and purpose of the testator was to provide for the comfort, maintenance and support of his wife. In order to make it certain that this purpose was carried out, the provision was inserted a number of times that her judgment should control, and he enjoined his children in most solemn and appealing terms to aid her and recognize the fact that he had utmost confidence in her judgment. He provided in terms that her judgment was to be exercised in any matter pertaining to the handling and management of his estate and our interpretation of the will is that the surviving wife, Minnie Medlin, took a life estate in the property, together with the power and authority to manage, control, mortgage, sell and convey the property or any part of it for such purposes and under such conditions as she might see fit and proper in order to pay the debts, provide for her own comfort and support and to keep and preserve the estate. If her authority to do these things was limited in any respect, the limitation extended only to the purposes for which she should do them and, under the terms of the will she is the sole judge of the manner in which the property shall be handled, managed and

controlled and the conditions under which the powers vested in her shall be exercised. No fraud is alleged and we are, therefore, not concerned with any question of bad faith.

■■ By the second point of error appellants contend the court erred in holding that, under the provisions of the will, the devisee, Minnie Medlin, is entitled to the rents and revenues derived from the property during her lifetime. They say that, under the provisions of the will, the rents and revenues, over and above that which is necessary for her reasonable and comfortable maintenance and support, pass to and become a part of the corpus of the estate. It is a general rule, well established in this and other jurisdictions of this country, that in the absence of restrictions or limitations in the instrument creating a life estate, a life-tenant is entitled to everything in the nature of revenue or income produced by the property during his tenancy. Wagnon v. Wagnon, Tex.Civ.App., 16 S.W.2d 366, and authorities there cited. Appellants contend that Section VI of the will places restrictions upon the estate and limits the rents and revenues to such as might be necessary for the comfortable support of the life-tenant, Minnie Medlin, during her lifetime. They assert that the same section specifically provides that the rents and revenues not necessary for the payment of debts and the comfortable support of the surviving wife pass to the corpus of the estate and become the property of the remaindermen. Section VI expresses the intention which the testator had in mind when he executed the will. It provides that his wife shall have the full and complete management, use and enjoyment of all of his property during her lifetime, including all rents and revenues to be derived therefrom. It expresses the purpose of extending to her power to sell and convey the property or any portion thereof for the purpose of paying debts or to be used by her during her lifetime. It then provides that any of such properties remaining on hand at the time of her death, including other properties which she may acquire by exchange or reinvestment of the proceeds of properties which she might sell, shall become portions of the remainder, but we find no such provision as to the rents and revenues. In our opinion, the first portion of Section VI clearly vests in the surviving wife the title and ownership of the rents and revenues in keeping with the general rule concerning life estates and are not included in that portion of the section which refers to the payment of the debts and the use which she is permitted to make of the property. Rents and revenues are not there mentioned and the word "proceeds" has reference only to the money or other consideration she might receive from the sale of any of the corpus of the estate.

■ The next contention made by appellants is that the court erred in holding that there is no provision in the will whereby the interests of the testator in the community property is liable only ratably or proportionately for the debts and for the maintenance and support of the surviving wife of the testator. It has many times been held by our courts that, in the absence of a clearly expressed intention to the contrary, a testator who devises community property will be presumed to refer only to his own interest therein. Smith v. Butler, 85 Tex. 126, 19 S.W. 1083; Crosson v. Dwyer, 9 Tex.Civ.App. 482, 30 S.W. 929; Caddell v. Lufkin Land & Lumber Co., Tex. Civ.App., 234 S.W. 138; Taylor v. Harkey, Tex.Civ.App., 145 S.W.2d 625.

■ Section III of the will contains the only reference made by the testator to the community property as a whole. In that section he expressed the consciousness that there were considerable debts owing by him which would have to be paid out of the properties owned by him and his wife. In all other references to the property he refers to it as his property, and we find no expression of a directory or imperative nature in the entire will which indicates he had in mind any interest in the property other than his own. In our opinion the single reference to the property in Section III as that owned by him and his wife did not have the effect of changing the general rule nor does it reveal the intention of the testator to include the wife's interest in the community property in other sections of the will wherein he directed that the property might be sold by her for the payment of debts, other than the community obligations owing at

the time of his death, nor for her support and maintenance. This contention of appellants will therefore be overruled.

The last contention presented by appellants is that the court erred in holding that the remaindermen named in the will have no present vested interest in the estate. In view of what we have said and the interpretation we have placed upon other features of the will, it would seem this contention involves only an abstract proposition of law. Nevertheless, in our opinion, the trial court erred in holding that the remaindermen's interest of the appellants in the property is not a vested interest. The test of a vested remainder is the existence of an ascertained person having an immediate right to the possession of property upon its becoming vacant by the termination of an intervening estate. Where certainty exists concerning the person who is to take the property and no condition or limitation is imposed upon his right of possession except the expiration of a life estate, the power of sale extended to a life-tenant does not prevent the vesting of the estate in the remainderman upon the death of the testator. It is subject however to the power of sale conferred upon the life-tenant. It is held generally that a remainderman's interest is a vested interest and the only feature of the will here involved which could have the effect of destroying it would be the exercise of the power of sale extended to the life-tenant and the use of the proceeds for her own support. Since the power of sale, of itself, does not destroy the vested interest in the remainder, the court erred in holding that the remaindermen, consisting of appellants and the appellees, except Minnie Medlin, have no present vested interest in the estate. Caples v. Ward, 107 Tex. 341, 179 S.W. 856; Mitchell v. Edds, Tex.Civ.App., 181 S.W.2d 323; 143 Tex. 307, 184 S.W.2d 823, 158 A.L.R. 470.

In our opinion the proper interpretation to be placed upon the last will and testament of T. W. Medlin is (1) it gives to Minnie Medlin, the surviving wife of the testator, an unlimited life estate in the property of the testator including its mutations and proceeds of the sale of any portion of it in order to pay the debts, provide herself with comfort and support and properly to handle and manage the estate according to her own judgment; (2) that the rents and revenues arising from the property during the life of Minnie Medlin become her separate property; (3) that the appellee, Minnie Medlin, is clothed with full power and authority to convey part or all of the property of the estate for the purpose of paying the debts of the estate, provide for her own maintenance and support, and in order to handle, care for, and preserve the estate in any manner which she deems necessary or for the best interest of the estate; (4) that the remainder of the estate is vested in the children as named in the will and is a vested interest but subject to the exercise by Minnie Medlin of her right and power to sell, convey mortgage or otherwise handle and manage the property according to her own judgment during her lifetime. The judgment of the court below will therefore be affirmed in part and in part reversed and rendered in accordance with the foregoing conclusions.