### UNITED STATES v. SMITHER.

#### No. 14260.

United States Court of Appeals
Fifth Circuit.

June 30, 1953.

William R. Eckhardt, Asst. U. S. Atty., and Brian S. Odem, U. S. Atty., Houston, Tex., Charles S. Lyon, Asst. Atty. Gen., Ellis N. Slack, Sp. Asst. to Atty. Gen., for appellant.

Robert K. Jewett, Houston, Tex., Robert B. Smither, Huntsville, Tex., Baker, Botts, Andrews, & Parish, Houston, Tex., of counsel for appellee.

Before HUTCHESON, Chief Judge, and BORAH and RUSSELL, Circuit Judges.

RUSSELL, Circuit Judge.

The United States prosecutes this appeal from a judgment awarding Mrs. Mary A. Smither a refund of income tax alleged to have been wrongfully and illegally collected from her for the taxable years 1944 and 1945. The trial court sustained the plaintiff's contention that certain income which had been taxed as her personal income was actually the income of a testamentary trust created by the will of her deceased husband, W. L. Smither. The Government denied that a trust was created by the will and contended that income of the Estate of W. L. Smither, under the terms of the will, actually belonged to plaintiff, or, if a trust was created, plaintiff had such unlimited control over the income so as to constitute her its constructive recipient. These contentions are renewed upon this appeal.

The correctness of the judgment of the trial court depends upon the construction proper to be given to the terms and provisions of the will in question, which was executed in 1909. The testator died in 1920. The primary question is whether the will evidenced the creation of a trust, despite the absence of specific terms so providing and its failure to denominate the executors as trustees, if such they in fact were. The trial court recognized the well established and understood fundamental rules that no technical language is necessary for the creation of a trust, and that it is not essential to the creation of a trust that the words "in trust" or "trustee", or words of similar import be used if the intention of the testator to create a trust is otherwise sufficiently disclosed by the instrument. Giving effect to these, and applying the fundamental and controlling rule in the construction of a will, which requires determination and effectuation of the intention of the testator as disclosed by the instrument as a whole in the light of the situation and circumstances of the testator at the time it was executed, the court found and adjudged that W. L. Smither, the testator, created a trust of which the widow, Mrs. Smither, and the children were the beneficiaries and of which the nominated executors were likewise trustees. Mrs. Smither was the sole surviving executor, and trustee, and had been serving as sole fiduciary since 1934, the other two of the originally designated three executors having died.

The court further held that under the terms of the trust Mrs. Smither and her children were co-beneficiaries, and that as trustee she was legally obligated to distribute the income of the trust only to the extent that it was necessary for their support, maintenance, comfort and enjoyment, thereby rejecting the contention of the Government that Mrs. Smither was the sole remaining beneficiary of the trust and, since she was also the sole surviving trustee, was thus clothed with the power to enjoy the trust income at her option.

Upon consideration of the record and arguments of counsel, we find that the trial court correctly decided the issues of law

**520**

presented. In its opinion, reported at 108 F.Supp. 772, the court sets forth the controlling facts and supports its reasoning and legal conclusions with citation of pertinent authorities. That opinion adequately rules the issues in the case and reference to it obviates the necessity for extended discussion. For the reasons therein stated, the judgment is

Affirmed.