Mrs. Matilda Schutt SMITH, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 17510.

United States Court of Appeals
Fifth Circuit.

April 23, 1959.

Ross N. Buzzard, Gordon, Gordon & Buzzard, Pampa, Tex., for appellant.

Morton K. Rothschild, Atty., Dept. of Justice, Washington, D. C., A. W. Christian, Asst. U. S. Atty., W. B. West, III, U. S. Atty., Fort Worth, Tex., Lee A. Jackson, Atty., Dept. of Justice, Washington, D. C., Charles K. Rice, Asst. Atty. Gen., I. Henry Kutz, Atty., Dept. of Justice, Washington, D. C., for appellee.

Before HUTCHESON, Chief Judge, and BROWN and WISDOM, Circuit Judges

HUTCHESON, Chief Judge.

This appeal from a judgment entered against plaintiff in a suit for refund of income taxes presents a single question for decision. This is whether taxpayer, to whom her husband, subject to the terms and conditions of his will, had bequeathed all his property, and who, including in her individual income tax return only that portion of the income which she actually used, had included the remainder in the estate's return, was under Sections 22(a) and 162(b) of the 1939 Code, 26 U.S.C.A. §§ 22(a), 162 (b) properly taxed on the entire income.

The case was heard below on a stipulation supplemented by a small amount of oral testimony, with none of the facts [1]

1. The taxpayer's husband died on July 25, 1938, leaving a will which was admitted to probate in the County Court of Gray County, Texas, on August 29, 1938, and which provided in part as follows:

"Fifth: All the rest and residue of my property, both real, personal and mixed, I give, devise and bequeath to my beloved wife, Matilda Smith, upon the conditions and with the following powers: She is to take possession of said property, pay the above named special bequests, generally manage and control said property, collect the rents, issues and profits arising therefrom for and during her life. She is empowered to sell, lease, assign, convey, encumber or dispose of said property or any part thereof, invest and reinvest the proceeds from same. She is empowered to use the income arising out of said property, and so much of the principal as she may deem proper without the interference or molestation from any remaindermen hereinafter mentioned.

in dispute, and the question presented below and here was and is entirely one of law.

The district judge holding:

"The Smith will devised to the plaintiff widow a life estate, carrying broad powers of control, use and enjoyment, and with a contingent remainder to the unnamed remaindermen described as a class."

and concluding that she was therefore properly taxed, gave judgment accordingly, and this appeal followed.

Taxpayer, presenting her attack upon the judgment against her here, as Mrs. Smither, in United States v. Smither, 5 Cir., 205 F.2d 518, had presented her defense of the judgment in her favor there, argues that the decision in that case is controlling here. Urging upon us:

(1) That the testator by his will intended to create and did create a testamentary trust;

"Upon the decease of my beloved wife, Matilda Smith, all the rest and residue of the property of whatsoever Nature, real, personal or mixed, remaining on hand and undisposed of by my said wife, whether principal or interest, and whether the identical property devised or any reinvestment thereof, I give, bequeath and devise to those persons who would have been my heirs at law had I died unmarried at the time of my said wife's death, in the propositions and in accordance with the laws of descent and distribution of the State of Texas in effect at such time."

The taxpayer was named as sole executrix and qualified in that capacity on Aug. 29, 1938, in the County Court of Gray County, Texas. The will expressed the testator's desire that she "act without bond or other security, and that no proceeding be had in any Court of the country save and except the probating of this will and returning of inventory and list of claims."

None of the income reported as taxable to said estate was spent for Appellant nor was it at any time paid or credited to her.

The evidence disclosed that Matilda Schutt Smith has never treated the income from the Alex Smith Estate as her own. Since 1938, she has consistently segregated her personal income from that of the estate. She has been careful to

(2) That the will imposed upon her a legal obligation to use of the income only amounts which were proper and necessary, and to that end established clear and definite standards as to what would be reasonably necessary; and

(3) That the taxpayer therefore did not have such unfettered control over income derived from the property of the estate as to make such income taxable to her under Sec. 22(a), Title 26 U.S.C.A.;

taxpayer cites in support 44 Texas Jurisprudence, 837, McHatton's Estate v. Peale's Estate, Tex.Civ.App., 248 S.W. 103, Paton v. Baugh, Tex.Civ.App., 265 S.W. 250, Wagnon v. Wagnon, Tex.Civ. App., 16 S.W.2d 366, United States v. Smither, supra, and Flato v. Commissioner, 5 Cir., 245 F.2d 413.

Differentiating to her own satisfaction the cases relied on by appellees, she

confine her use of the trust income to her own personal needs and has made poor loans or gifts from her own money and not from the estate income.

In the taxable period, Jan. 1, 1950, to June 30, 1950, the estate had a net income of $13,747.76, of which it reported $8,393.99 as having been distributed to the taxpayer.

For the taxable year ending June 30, 1951, the estate had a net income of $16,826.52, of which it reported $7,315.86 as having been distributed to the taxpayer. For the taxable year ending June 30, 1952, the estate had a net income of $12,994.78, of which it reported $5,743.40 as having been distributed to the taxpayer.

In her individual returns for 1949, for the period Jan. 1, 1950, to June 30, 1950, for the fiscal year ending June 30, 1951, and for the fiscal year ending June 30, 1952, the taxpayer reported as taxable income the above mentioned amounts which were distributed to her from her husband's estate.

The Commissioner determined deficiencies on the ground that the entire income of the estate was taxable to the taxpayer individually. At the same time he determined an overpayment of tax on the returns of the estate in the amount of about $15,900 plus statutory interest, and such payment and interest was applied to the additional taxes.

vigorously insists that, giving to the will the plain and reasonable construction its language imports, there is no logical escape from the conclusion that she is right in insisting that the will created a trust under the terms of which she held the property, and the district judge was wrong in holding that, under the will, she took a life estate in the property with unfettered control over the income and the right to use or not use it as she saw fit.

The United States, marshalling in support of the judgment below Medlin v. Medlin, Tex.Civ.App., 203 S.W.2d 635, Grant v. Commissioner, 5 Cir., 174 F.2d 891, Flato v. Commissioner, 5 Cir., 195 F. 2d 580, Jergens v. Commissioner, 5 Cir., 136 F.2d 497, the last three holding that a beneficiary, having unrestricted control of trust income, is taxable upon the entire income whether or not he actually takes and uses it, insists that the Smither will contained special provisions and the Smither case presented special circumstances wholly absent here, and in essence and principle is authority not against but for the judgment appealed from here.

For the reasons briefly stated, we find ourselves in agreement with appellee, that the particular provisions of this will, construed in the light of the surrounding facts and circumstances, require the conclusion that it was not the intention of the testator to prescribe any standard for the exercise of, or to in any other way limit, taxpayer's right and power of disposition and control of the income from the property short of full and unfettered dominion and control.

It is true that, knowing the taxpayer as he did, the testator certainly believed, indeed knew, that she would not waste the property but, on the contrary, would manage it with great frugality so as not only to preserve it but if possible to enlarge it for the benefit of those whom he wished to succeed to the property upon taxpayer's death. It is equally true, however, that he placed no limitations whatever upon her use of the income. Indeed, giving her full power of management and control, he went on in sweeping language to provide in terms not of sufferance but of power:

"She is empowered to use the income arising out of said property and so much of the principal as she may deem proper without the interference or molestation from any remaindermen hereinafter mentioned."

In view of this language and of the other controlling facts and circumstances of the case, it must be conceded that taxpayer's failure to appropriate more of the income to her own use was the result, not of real or supposed limitations upon her power but of great self abnegation.

Speaking without reservation for myself, and for my brothers to the extent that they are willing to go along with me, I think it entirely fitting to say, out of my experience in sitting as one member of the court in the Smither and Flato cases, dissenting in the first and concurring in the second Flato case, that whatever may be thought or said of the correctness of the decisions in the three earlier cases, this case presents facts and features completely differentiating it from those others and making crystal clear that for us to hold for the taxpayer in this case would be to close our eyes to the dominating facts it presents, that, as fully empowered custodian and for the time complete and rightful owner of the income from the property, she was clothed with full powers of ownership, disposition and control of the income, and that her failure to use it all was because of want of will and not lack of power to do so.

The judgment was right. It is affirmed.