

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

Overruled by C-64

May 16, 1961

Honorable Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin, Texas

Dear Mr. Calvert:

Opinion No. WW-~~1058~~ /063

Re: Proper method of computing
inheritance taxes on royalty
interest of life tenant
under submitted facts.

We quote the following excerpt from your letter requesting
the opinion of this office on the above captioned matter:

"Winnie Craft Minchen Griffis died
testate on August 15, 1958, a resident of
Harris County, Texas, seized and possessed
of an estate valued at $723,525.32 gross.
The bulk of the estate of the deceased
consists of a royalty interest in the Old
Ocean Field in Brazoria County, Texas.
The average monthly income from this
royalty interest is $6,300.00 which was
valued on a 100 month pay-out basis.
100 X 6,300.00 equals $630,000.00, the
value of the mineral interest of the
deceased."

The pertinent provisions of the decedent's will, which you
have submitted to us, are the following:

"Item 4.

"I hereby appoint the National Bank of
Commerce of Houston, Texas, a national
banking association, executor under this
will and of my Estate and direct that no
bond shall be required of it.

"With the exception of the hereinafter
mentioned property, my Executor shall have
full power and authority to sell or mortgage
any part or parts, real or personal, of my
estate on such terms and for such considera-
tion or considerations as it may deem advisable.

"My said Executor shall have no authority
from me to sell or mortgage my interest in

what is known as the Old Ocean Oil Field in
Brazoria County, Texas, except that, as
a last resort, it may mortgage the royalty
and/or rental income from my interests in
said oil field for the purpose of paying
the State Inheritance Taxes and the Federal
Estate Taxes on my Estate.

"Item 5.

"I give and bequeath all of my personal
property to my legally adopted son, William
France Minchen, to be held by him as his
separate property.

"Item 6.

"I give and devise all of my real property
to my legally adopted son, William France
Minchen, for and during his natural life to
have the use and benefit of same as his
separate property and, upon his death, said
real property shall pass to and vest in such
of his issue as he may by his will appoint
which power is and shall be exercisable by
him alone and in any event."

Other provisions of the will relate to the disposition of
the properties covered by the last foregoing paragraph in the
event of non-exercise of the power of appointment and provide,
generally, that such properties shall become the property of the
son's children or their descendants.

We quote further from your letter in connection with this
request:

"We construe the provisions of the above
paragraph as passing the full monthly
royalty payments to the son of the deceased,
and since the son has a life expectancy of
36.7 years, he will consume the entire
royalty value in 100 months. This con-
struction does not conflict with the terms
of the will nor the provisions of Article
14.08,... ."

"Please advise whether or not our con-
struction is correct."

Article 14.08, Ch. 14, Title 122-A, Tax.-Gen., Vernon's Civil Statutes, reads as follows:

> "If the property passing as aforesaid
> shall be divided into two or more estates,
> as an estate for years or for life and
> a remainder, the tax shall be levied on
> each estate or interest separately, accord-
> ing to the value of the same at the death
> of the decedent.  The value of estates for
> years, estates for life, remainders and
> annuities, shall be determined by the
> 'Actuaries Combined Experience Tables,'
> at four per cent compound interest."

The taxpayer takes the position that this Article is controlling as to the determination of the tax.  If this be correct, the value of the life estate would be computed by ". . . multiplying the value of the beneficial interest by 4% and this product by the factor (present value of $1.00) for the given age of the life tenant; the result is the value of the life estate.  Subtract the value of the life estate (as ascertained above) from the beneficial interest, and the amount left will be the value of the remainder estate."[1]

The general rule is that the life tenant is entitled only to all the profits or income accruing during his life tenancy.[2]

It is evident that the statutory method of computing the value of a life estate is predicated on the theory that the value of the property subject to the life estate will remain constant during the life of the life tenant.  It is a workable method of valuing a life estate only if it may be assumed that the value of the estate so devised, in this case the royalty interest, will remain the same.  In other words, under Article 14.08 the valuation of a life interest serves two purposes.  It serves as a measure of the tax on the life interest and as the means of determining the value of the remainder interest.  28 Am.Jur., Inheritance, Estate and Gift Taxes, 277, 278, Sec. 368, and authorities cited therein.

It is settled in this State that the oil and gas beneath the soil are considered a part of the realty.  31-A Tex.Jur. 27, Oil and Gas, Sec. 6.  It is also settled that a life estate in lands extends to the unsevered oil and gas beneath the surface. 31-A Tex.Jur. 38, Oil and Gas, Sec. 13.  If, under the will

---

[1]  The foregoing directions are contained in the Actuaries' Combined Experience Tables.

[2]  Medlin v. Medlin, 203 S.W.2d 635 (Civ.App., error ref., 1947); 28 Tex.Jur. 58, 59, Life Estates, Sec. 7.

under consideration, the adopted son received only the rights of an ordinary life tenant in the royalty interest, the value of that which he received would be properly computed under the provisions of Article 14.08, i.e., as therein directed upon the ascertained value, rather than upon the full monthly royalty payments.

We think that the will, as a whole, evidences an intent on the part of the testatrix that the beneficiary is to receive the royalty payments in their entirety (not just the income therefrom) for the duration of his natural life. The executor has no authority to sell or mortgage the royalty and/or rental income involved except as a last resort for the payment of death taxes. The royalty interest is covered by the provisions of Item 6, which devises all of the decedent's real property to her adopted son "for and during his natural life to have the use and benefit of same as his separate property... ." (Emphasis added.) The royalty interest involved was a producing royalty interest at the date of the decedent's death, and we think that the testatrix clearly intended her adopted son to have the entire benefit thereof rather than only the income therefrom. The provision with regard to the exercise of the power of appointment to his issue merely evidences an intention to endow him with the right to will any unpaid royalties to such of his issue as he might choose. The provisions pertaining to the non-exercise of the power of appointment are likewise drawn for the purpose of insuring that the son's issue receive any of the royalty interest that might remain at his death should he fail to exercise the power of appointment.

Our interpretation of the testatrix's intention is consistent with the common law rule and with the results reached by the Texas Courts that a life tenant may continue to work or have operated oil wells that were open when his life interest commenced or to recover the royalties of such operations. 31-A Tex.Jur. 39, Oil and Gas, Sec. 13. At page 39 of the foregoing text, the following statement appears:

> "The theory of the rules stated in the text is that where the oil producing operations are commenced before the life tenancy is created, they are a mere mode of use and enjoyment and to extract oil and gas is but to take the accruing benefits of the land. Higgins Oil and Fuel Co. v. Snow, (1902) 51 C.C.A. 267, 113 F. 433."

Although the life tenant, as a general rule, may not open new wells or extract oil or gas from the land for his own benefit since such act would be an appropriation of a part of the corpus of the estate, there are exceptions to this general rule which

give the life tenant a continuing right to benefit in wells drilled after the creation of the life tenancy. These exceptions arise by reason of some act by the original owner and may be conferred by the instrument conveying to him such estate. 31-A Tex.Jur. 39-40, Oil and Gas, Sec. 13. We have previously construed the will under consideration as evidencing such an intention on the part of the original owner.

Since we have concluded that the beneficiary life tenant in this case is entitled to the entire royalty interest during his lifetime -- not just the income therefrom, and since his life expectancy far exceeds the estimated pay-out period, inheritance taxes should be computed on the entire value of the royalty interest, rather than under the provisions of Article 14.08. You are accordingly so advised.

## S U M M A R Y

Under submitted facts, inheritance taxes should be computed on the entire value of a life tenant's royalty interest rather than on the basis of a life estate in such royalty interest.

Yours very truly,

WILL WILSON
Attorney General of Texas

By: Marietta McGregor Payne

Marietta McGregor Payne
Assistant

MMP:cm

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman

Edward A. Cazares
C. Dean Davis
Harris Toler

REVIEWED FOR THE ATTORNEY GENERAL
By: Morgan Nesbitt