T.C. Memo. 2006-274

UNITED STATES TAX COURT

THOMAS B. GOLDSBY, JR. AND SANDRA C. GOLDSBY, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8232-05.                    Filed December 27, 2006.

<u>Scott F. May</u>, for petitioners.

<u>Edsel Ford Holman, Jr.</u>, for respondent.

MEMORANDUM OPINION

KROUPA, <u>Judge</u>:  Respondent determined a $124,662 deficiency
in petitioners' Federal income tax for 2002 by denying a $390,629
charitable contribution pass-through deduction petitioners
carried over from 2000 regarding conservation easements on real
estate owned by the Goldsby-Matthews Trust (the trust).  We are

asked to decide as a threshold issue whether petitioners may deduct the charitable contribution. We conclude that they may not.

## Background

The parties fully stipulated the facts regarding the threshold issue in this case under Rule 122.[1] The stipulation of facts and the accompanying exhibits are incorporated by this reference, and the stipulated facts are so found. Petitioners lived in Memphis, Tennessee, at the time they filed the petition. References to petitioner are to Thomas B. Goldsby, Jr.

### Petitioner and the Trust

Petitioner's father, Thomas B. Goldsby, Sr., an Arkansas resident, created the trust in 1976 as the settlor. The trust agreement provides that the settlor's son, petitioner, is the sole income beneficiary and is entitled to all the net income. The net income is to be paid quarterly if convenient but at least annually. Petitioner's children, the settlor's grandchildren, are the remainder beneficiaries under the trust agreement. Pursuant to the trust agreement, the grandchildren shall receive the trust corpus once petitioner dies.

---

[1]All Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code in effect for the year at issue, unless otherwise indicated.

## Petitioner as Trustee

The settlor also named his son, petitioner, trustee of the trust.  Petitioner was the initial trustee of the trust and served until 1985.  Petitioner served as trustee again from 1986 through at least the date the petition was filed.  An unrelated person was trustee in the brief interim.

The trustee has general authority to manage and distribute the trust's assets and income.  The trust agreement obligates the trustee to manage the corpus in a manner that would satisfy the purpose of allowing a distribution of the corpus to the settlor's grandchildren after petitioner dies.  All the powers the trustee has are subject to fiduciary duty limitations and subject to the limitations of the trust agreement.

The trustee is restricted in dealing with the corpus and income by the prudent investor rule, is not allowed to engage in speculation, and is required to seek long-term growth and appreciation of the trust property, considering income production as well as the safety of the corpus.  The trust agreement restricts each beneficiary from disposing of his or her interest in the trust.  Arkansas law governs the interpretation of the trust agreement.

## Undistributed Net Income and Deemed Distributions

Petitioner chose not to make or accept the mandated annual distributions of net income despite the requirement in the trust

agreement. Some years, petitioner left a portion of the trust income with the trust assets. This undistributed net income, which amounted to approximately $2.2 million by January 1, 2000, was noted in the trust's books and records. Although petitioner intentionally did not pay himself the trust's net income, he never intended to relinquish his claim to this undistributed income. Petitioners reported all of the trust's income (both distributed and undistributed) on their tax returns in the respective years the trust earned the income.

The trust and petitioner treated certain transactions involving the trust's donations to charity as deemed distributions to petitioner over the years. A financial spreadsheet prepared by the trust's certified public accountant (CPA) indicates that the trust treated $46,465 as deemed distributions to petitioner during 2000.

Land in the Trust

The trust acquired significant real estate over the years. The trust acquired approximately 3,000 acres of land in Tunica County, Mississippi, which we refer to as the Duck Lake property. The trust also acquired several thousand additional acres of contiguous property in Mississippi, north of the Duck Lake property and between the Mississippi River and Tunica Cutoff Lake. This property north of the Duck Lake property is referred to as the Riverbend/M'hoons Bend property.

The trust conveyed conservation easements on the Duck Lake property and the Riverbend/M'hoons Bend property to the Mississippi Land Trust in 2000.  Respondent acknowledges that the Mississippi Land Trust is a qualified charitable organization under section 501(c)(3).  The trust obtained appraisals of the Duck Lake property and the Riverbend/M'hoons Bend property both before and after the conservation easements that indicated the value of the conservation easements was $5,640,000.

Tax Reporting of the Conservation Easement Donations

The trust reported its donation of the conservation easements on its Form 1041, U.S. Income Tax Return for Estates and Trusts, for 2000 and reported that the charitable contribution was allocated to the sole income beneficiary, petitioner.  The Schedule K-1, Beneficiary's Share of Income, Deductions, Credits, etc., attached to the trust's Form 1041 reported the entire $5,640,000 claimed charitable contribution deduction as passing through to petitioner as the sole income beneficiary.  Petitioners deducted a portion of the trust's charitable contribution on their Federal income tax return for 2000 and carried over the balance subject to the adjusted gross income limitations of section 170(b).  Petitioners carried over and deducted portions of the trust's charitable contribution on their Federal income tax returns for 2001, 2002, 2003, and 2004.

Petitioners' charitable contribution carryover deduction for 2002 is at issue.

Respondent's Examination

Respondent sent two letters to petitioners requesting information about their carryover deduction for charitable contributions on their return for 2002, but petitioners failed to respond. Instead, an employee of the trust received the letters and filed them without bringing the letters to petitioners' attention. Having received no response, respondent issued a deficiency notice to petitioners in which he disallowed petitioners' charitable contribution deduction for 2002. Respondent challenged the value of the conservation easements that the trust donated as well as petitioners' eligibility for any deduction at all. Petitioners timely filed a petition.

The parties filed, and the Court granted, a joint motion to sever the threshold issue of who is the proper party to claim the charitable contribution from the valuation issue of the conservation easements. Because we conclude that petitioners are not the proper party to claim the charitable contribution deduction, no trial will be necessary to determine the valuation issue.

Discussion

We are asked to decide whether petitioners may deduct on their individual joint return a charitable contribution the trust

made with respect to the trust's property.  We conclude that petitioners may not deduct the charitable contribution in 2002. We begin with the burden of proof.

I.  Burden of Proof

In general, the Commissioner's determinations in the deficiency notice are presumed correct, and the taxpayer bears the burden of proving that the Commissioner's determinations are in error.  See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  The burden of proof may shift to the Commissioner under certain circumstances, however, if taxpayers introduce credible evidence and establish that they substantiated items, maintained required records, and fully cooperated with the Commissioner's reasonable requests.  Sec. 7491(a)(1) and (2)(A) and (B).[2]

Petitioners admitted that they failed to respond to respondent's two letters seeking information about their deduction.  In addition, petitioners have not argued that the burden of proof should shift to respondent.  Accordingly, we find that the burden of proof remains with petitioners.

---

[2]Sec. 7491 is effective with respect to court proceedings arising in connection with examinations by the Commissioner commencing after July 22, 1998, the date of enactment of the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3001(a), 112 Stat. 726.

II. Ownership of a Portion of the Trust Under Grantor Trust
    Rules

Petitioners argue that petitioner is the owner of a portion of the trust under the grantor trust rules and should therefore be allowed to deduct the value of the conservation easements the trust contributed to charity. We agree that petitioner is the owner of the income portion of the trust, but we do not find that petitioner is the owner of the corpus portion. Moreover, petitioners have not proven that the charitable contribution was made from the income portion of the trust, and petitioners are thus not entitled to the deduction. We consider each of these issues in turn.

A. Treating Petitioner as Owner of the Income Portion of
   the Trust Under Grantor Trust Rules

A person is treated as the owner of any portion of a trust with respect to which that person has the power, solely exercisable by himself or herself, to vest the corpus or the income in himself or herself. Sec. 678; Mallinckrodt v. Nunan, 146 F.2d 1 (8th Cir. 1945), affg. 2 T.C. 1128 (1943). When a person is treated as the owner of a portion of a trust under section 678, special rules apply to not tax the trust directly. Secs. 671-678; Estate of O'Connor v. Commissioner, 69 T.C. 165, 174 (1977). Instead, the person treated as the owner takes into account the trust's items of income, deduction, and credit attributable to that portion of the trust. Sec. 671.

If the trust makes a donation to charity from that portion of the trust, the person who is treated as the owner of that portion may cumulate those charitable donations with the person's own charitable donations and deduct them under section 170.[3] Sec. 1.671-2(c), Income Tax Regs.

We look to State law to examine the nature of rights and interests in a trust. Estate of Nicholson v. Commissioner, 94 T.C. 666, 672-673 (1990). Arkansas courts consider the four corners of the governing instrument to ascertain the intention of the settlor regarding the nature of interests in a trust. Estate of Whiting v. Commissioner, T.C. Memo. 2004-68 (citing Aycock Pontiac, Inc. v. Aycock, 983 S.W.2d 915, 919-920 (Ark. 1998)); Gregory v. Moose, 590 S.W.2d 665, 667-668 (Ark. Ct. App. 1979).

We look to the provisions of the trust agreement to determine whether petitioner is treated as the owner of any portion of the trust under section 678. We find that petitioner is treated as the owner of the income portion of the trust under section 678. Petitioner has significant powers with respect to the trust income on account of his dual role as trustee and sole

---

[3]Scholars have suggested that this provision might be intended to permit a deduction even when the trust's charitable contribution was not from income. E.g., Blattmachr & Michaelson, Income Taxation of Estates and Trusts, sec. 3:3.3 n.48 (14th ed. 1999). Trusts themselves ordinarily may deduct contributions under sec. 642(c) only if they are made from income. We need not consider this point further because we conclude that petitioner is not treated as the owner of any portion of the trust other than the income portion.

income beneficiary. He was able to, was required to, and did vest the income of the trust in himself. Petitioner as trustee was required to cause the trust periodically to pay him (as income beneficiary) the entire net income of the trust. Petitioner, as trustee, owed fiduciary duties with respect to the income only to himself, the sole income beneficiary.

Accordingly, we conclude that petitioner has the sole power to vest the trust's income in himself and is treated as the owner of the income portion of the trust.[4]

B.   Petitioner Is Not the Owner of the Trust Corpus Despite the Undistributed Net Income

Petitioners argue that they are also the owners of the trust corpus, or at least a portion of it, because petitioner left undistributed net income with the other trust assets and it became commingled with the trust corpus. Accordingly, they reason, they are entitled to the deduction for the charitable contribution no matter the source of the charitable contribution. We disagree.

There are several fundamental problems with petitioners' argument regarding ownership of the trust corpus. An examination of the trust agreement indicates that the settlor did not intend petitioner to have any rights with respect to the corpus, other

---

[4]The unique circumstances require a finding that petitioner should be treated as the owner of the trust's income portion. We note, and petitioners acknowledge on brief, that this finding does not apply in every situation involving a simple trust.

than to manage it as trustee for the benefit of the remaindermen, petitioner's children.  Petitioner has no right under the trust agreement to vest corpus in himself.  The trust agreement strongly shows the settlor's intent for the trustee to act to preserve the corpus for eventual distribution to the settlor's grandchildren.  Petitioner, as trustee, has fiduciary duties to these remainder beneficiaries and must act for their benefit when dealing with the corpus.

Further, the undistributed income never became part of the trust corpus nor commingled with the trust corpus.[5]  Petitioner never relinquished his claim to the undistributed net income.  Moreover, the trust's books and records showed the amount of undistributed net income due petitioner.  The undistributed net income, unlike the trust corpus, was subject to petitioner's withdrawal at any time.  The undistributed net income was not held subject to the trust agreement, not required to be invested for the benefit of the remaindermen, and therefore, not part of the corpus.

Petitioners have also failed to prove the conservation easements were donated from the undistributed net income

---

[5]We note that, if the undistributed net income did become part of the corpus, the trust agreement would impose fiduciary obligations on petitioner with respect to it.  Any donation of the undistributed net income, if it became part of corpus, would be a violation of petitioner's fiduciary duties to maintain the corpus for the benefit of the remaindermen, his children.

regardless of whether the undistributed net income was part of the corpus. Petitioners have not introduced evidence indicating that the trust's donation of the conservation easements came from the undistributed net income belonging to petitioner. We also note that petitioners have not offered any explanation how $2.2 million in undistributed net income relates to the $5.6 million charitable contribution the trust made, and we decline to speculate.

C.  Failure To Prove That the Charitable Contribution Was Made From the Income Portion

Although we treat petitioner as the sole owner of the income portion of the trust, petitioners may not deduct the value of the conservation easements the trust contributed to charity because they have not proven that the trust's contribution was from the income portion. In general, status as owner of one portion of a trust does not permit a person to include income or take deductions not attributable to that portion. See sec. 1.671-3(b), Income Tax Regs. Petitioners have failed to introduce any evidence linking the $5,640,000 conservation easements to the trust's income.

Petitioners have introduced no evidence to prove that the conservation easements transferred were part of the income portion of the trust. Petitioner is entitled to take into account only those items included in computing the income of a current income beneficiary, and petitioner has failed to show

that the $5,640,000 conservation easements meet this standard.[6] Absent proof that the trust donated the conservation easements from its income (rather than from the corpus), we cannot allow petitioners to deduct the trust's charitable contribution. The failure of a party to introduce evidence which, if true, would be favorable to that party gives rise to the presumption that the evidence would be unfavorable if produced. Wichita Terminal Elevator Co. v. Commissioner, 6 T.C. 1158, 1165 (1946), affd. 162 F.2d 513 (10th Cir. 1947).

Petitioners argue that the donation must have come from income because the trust agreement obligates the trustee to hold the corpus for the benefit of the remaindermen, his children. While we agree that petitioner was obligated to hold the corpus for the benefit of the remaindermen, this does not dictate that the conservation easements are part of the income portion of the trust. We note that petitioner did not comply with other directives in the trust agreement, such as the requirement to distribute net income at least annually.

---

[6]Charitable contributions deductible by a trust under sec. 642(c) would generally be used in computing distributable net income and would therefore be included in income by a person treated as the owner of the trust's income. See secs. 643, 642(c); sec. 1.671-3(b)(1) and (c), Income Tax Regs. The charitable contribution at issue, however, would not be deductible by the trust under sec. 642(c) because the trust agreement does not authorize charitable contributions. The charitable contribution thus would not be used in computing the trust's distributable net income or taxable income.

In sum, although we treat petitioner as the owner of the income portion of the trust, petitioners are not entitled to deduct the value of the conservation easements because petitioners have not proven that the trust's contribution was from the income portion of the trust.

## III. Deemed Distributions of Net Income

Petitioners argue in their reply brief that, alternatively, the trust's charitable contributions were actually deemed distributions to petitioner followed by charitable contributions by petitioner.  We refuse to find the facts as petitioners argue.

The evidence in the record suggests that the trust and petitioners did not account for the charitable contribution as a deemed distribution.  Although charitable contributions were made in the past that the trust and petitioners did account for in this manner, this particular contribution does not appear to be one of them.  The trust's financial spreadsheet prepared by the trust's CPA indicates that only $46,465 was accounted for as a deemed distribution in 2000.  Petitioners' argument therefore contradicts the trust's own books and records.  Moreover, petitioners did not treat themselves on their income tax returns as directly contributing the conservation easements.  They claimed pass-through deductions, not direct deductions under section 170.  We decline to find the transaction was a deemed

distribution to petitioner followed by a direct charitable contribution by petitioner.

## IV. Conclusion

We conclude that petitioners are not entitled to a deduction for the trust's charitable contribution of the conservation easements. While petitioner is treated as the owner of the income portion of the trust, petitioners have failed to prove that the conservation easements were made from the income portion of the trust. The mere fact that petitioner failed to withdraw approximately $2.2 million of income due him does not cause petitioner to be the owner of the corpus because the trust income he was owed was wholly separate from the corpus. Petitioners also have not proven that the trust's distributions to charity were deemed distributions to petitioner, followed by his contribution of the easements to charity.

No further trial will be necessary concerning the valuation issue because we have found for respondent on the threshold issue.

In reaching our holding, we have considered all arguments made, and, to the extent not mentioned, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

Decision will be entered

for respondent.